1
2
3
4
5
6
7

8                    **UNITED STATES DISTRICT COURT**

9                    **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   BETTY GUZMAN, on behalf of herself            CASE NO. 11cv69 WQH (WVG)
     and all others similarly situated
12                                                  ORDER
                                   Plaintiffs,
13          vs.
     BRIDGEPOINT EDUCATION, INC.,
14   ASHFORD UNIVERSITY, and
     UNIVERSITY OF THE ROCKIES,
15
                                   Defendants.
16

     HAYES, Judge:
17
            The matters before the Court are the Motion to Dismiss (ECF No. 12) and Motion to
18
     Strike (ECF No. 13) filed by Defendants Bridgepoint Education, Inc., Ashford University, and
19
     University of the Rockies.
20
     **I.     Background**
21
            On January 12, 2011, Plaintiff Betty Guzman initiated this action by filing the
22
     Complaint.  (ECF No. 1).  On March 15, 2011, Defendants Bridgepoint Education, Inc.,
23
     Ashford University, and University of the Rockies filed a Motion to Dismiss and a Motion to
24
     Strike the Complaint. On April 4, 2011, Plaintiff filed an Opposition to the Motions.  On April
25
     11, 2011, Defendants Bridgepoint Education, Inc., Ashford University, and University of the
26
     Rockies filed replies.
27
     **II.    Allegations of the Complaint**
28
            Plaintiff proposes a nationwide class action "composed of all persons who enrolled in

and/or attended classes at either of the two academic institutions operated by Bridgepoint Education, Inc. ('Bridgepoint' or the 'Company') – Ashford University ('Ashford') or University of the Rockies ('The Rockies') – during the period approximately from March 1, 2005 through the present (the 'Class Period')."  (ECF No. 1 at ¶ 1).

Plaintiff generally alleges that Bridgepoint, the company that owns and operates Ashford and The Rockies, "engaged in a pattern of improper and unlawful conduct in order to recruit students and over-charge the federal government for federal financial aid."  *Id*. at ¶ 6.  Plaintiff contends that Defendants use "standardized, misleading recruitment tactics" including: (a) hiding federal disclosures on their website and requiring students to enroll before accessing the federal disclosures; (b) "misrepresent[ing] the true cost of attendance by falsely claiming that Ashford and The Rockies provide 'some of the lowest cost tuition programs available,' quoting to prospective students false and misleading tuition rates for degree programs, and failing to disclose substantial non-tuition costs such as administrative fees"; (c) misrepresenting the quality of academic instruction; (d) misrepresenting the status of "The Rockies' accreditation with the American Psychological Association ('APA') and ability to qualify students to obtain professional psychology licensure"; (e) misrepresenting employability and earnings potential for graduated students.  *Id*. at ¶ 6(a)-(e).  Plaintiff alleges that "[s]tudents relied on these misrepresentations when deciding to enroll ...."  *Id*. at ¶ 8.

Plaintiff alleges that Bridgepoint improperly hides information from prospective students on its website through a "sophisticated - and misleading - tactic" of directing internet search engine results to a "basic site that offers vague and misleading praise for the university and an option to enroll online."  *Id*. at ¶ 48.  Plaintiff alleges that "[a]lthough more comprehensive websites exist for both schools, they cannot be easily accessed by prospective students without previously knowing the exact web addresses."  *Id.*  Plaintiff alleges that Bridgpoint "misleads students by affirmative misrepresentations or material omissions regarding the true cost of attending its universities, the quality of academic instruction, students' post-graduation employability, and students' needs for federal student loans and their repayment obligations."  *Id*. at ¶ 46.  Plaintiff alleges that "Defendants also makes uniform

written and scripted oral misrepresentations about the quality, reputation, and marketability of the education earned through the academic programs." *Id*. at ¶ 58.

Plaintiff allege that Bridgepoint "also expects enrollment advisors to mislead prospective students regarding how much of their degree program will be covered by federal financial assistance." *Id*. at ¶ 68. Plaintiff alleges that "Bridgepoint provides incentive payments to its enrollment advisors for recruiting and securing student enrollment, and fosters a competitive environment such that an enrollment advisor's success or failure is determined by the number of prospective students the advisor actually enrolls." *Id*. at ¶ 78.

Plaintiff alleges that Bridgepoint "specifically targets veterans and active duty military personnel...." *Id*. at ¶ 69. "Bridgepoint's motivation is transparent ... the money Bridgepoint and other for-profit universities receive from veterans via the Post-9/11 GI Bill does not count towards the 90% limit these schools can receive in federal funding." *Id*. at ¶ 70.

Plaintiff Betty Guzman alleges that she "enrolled in online courses with Ashford in 2006 after speaking with an online enrollment advisor." *Id*. at ¶ 20. Plaintiff Guzman "completed approximately 20 online courses." *Id*. Plaintiff Guzman alleges that Ashford claims that she owes them "over $3,600, and refuses to issue her diploma." *Id*.

Plaintiff asserts claims for (1) breach of contract; (2) breach of the implied covenant of good faith and fair dealing; (3) violation of California Business and Professions Code section 17200 ("Unfair Competition Law"); (4) violation of California Business and Professions Code section 17500 ("False Advertising Act"); (5) violation of the Consumer Legal Remedies Act ("CLRA"); and (6) negligent misrepresentation.

## III.    Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica*

1    *Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

2        To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint

3    "does not need detailed factual allegations" but the "[f]actual allegations must be enough to

4    raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544,

5    555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief'

6    requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

7    of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to

8    dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*,

9    __ U.S. __, 129 S. Ct. 1937, 1950 (2009). However, a court is not "required to accept as true

10   allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

11   inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum,

12   for a complaint to survive a motion to dismiss, the non-conclusory factual content, and

13   reasonable inferences from that content, must be plausibly suggestive of a claim entitling the

14   plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations

15   omitted).

16   **IV.   Discussion**

17        **A.   Breach of Contract  - Claim One**
            **Breach of the Implied Covenant of Good Faith & Fair Dealing - Claim Two**

18

19        Defendants contend that Plaintiff's claim for breach of contract fails to allege that

Defendants intended to create a contract. Defendants contend that Plaintiff "does not allege

20   any specific contractual provision or provisions that Defendants purportedly violated." (ECF

21   No. 12-1 at 22). Defendant contends that Plaintiff fails to state a claim against The Rockies

22   on the grounds that Plaintiff was enrolled at Ashford, not The Rockies. Defendants contend

23   that Plaintiff has failed to allege the existence of any contract upon which the implied covenant

24   of good faith and fair dealings can be based.

25

26        Plaintiff contends that "[w]hile the complaint does not identify the contract forming

the basis of these claims [breach of contract and breach of the implied covenant of good faith

27   and fair dealings] by name, it clearly implies that this contract was the enrollment agreement

28   the parties executed at the time of Plaintiff's matriculation." (ECF No. 15 at 19). Plaintiff

1   contends that "If the Court finds this implication insufficient, Plaintiff requests leave to

2   amend." *Id*.

3        "A cause of action for breach of contract requires proof of the following elements: (1)

4   existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3)

5   defendant's breach; and (4) damages to plaintiff as a result of the breach." *CDF Firefighters*

6   *v. Maldonado*, 158 Cal. App. 4th 1226, 1239 (2008) (citation omitted).  Contract formation

7   requires "a meeting of the minds or an agreement." *Mulder v. Mendo Wood Products, Inc.*,

8   225 Cal. App. 2d 619, 632 (1964).

9        In this case, Plaintiff alleges that she entered into a contract with Defendants under

10  which "Defendants agreed to provide affordable postsecondary education at among the lowest

11  rates of comparable institutions, and that the education provided would prepare and qualify

12  Plaintiff and members of the Class for numerous professional occupations after graduation,

13  including professions requiring post-graduation licensure." (ECF No. 1 at ¶ 88).   Plaintiff

14  alleges that she complied with her obligations but Defendant breached the contract.  Plaintiff

15  also alleges that "Defendants breached the implied covenant of good faith and fair dealing in

16  their contracts with Plaintiff ... by taking steps to interfere with the ability of the [Plaintiff] to

17  receive the benefits promised by Defendants." *Id.* at ¶ 96.

18       To the extent that Plaintiff alleges a contract was formed by Defendants promising to

19  provide an  affordable education at a low price which would qualify her for post-graduate

20  professional licensure; Plaintiff has failed to allege facts sufficient to show a meeting of the

21  minds or mutual intent to contract.  The Court finds that Plaintiff's conclusory allegations

22  regarding breach of contract are insufficient to "provide the 'grounds' of [her] 'entitle[ment]

23  to relief.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555 (quotation omitted); *see also Ashcroft*

24  *v. Iqbal*, 129 S. Ct. at 1950.

25       "Every contract imposes upon each party a duty of good faith and fair dealing in its

26  performance and its enforcement." *Marsu, B.V. v. Walt Disney Co.*, 185 F.3d 932, 937 (9th

27  Cir. 1999) (applying California law).  That duty, known as the covenant of good faith and fair

28  dealing, requires "that neither party ... do anything which will injure the right of the other to

1   receive the benefits of the agreement." *Andrews v. Mobile Aire Estates*, 125 Cal. App. 4th 578,

2   589 (2005).  "The implied covenant of good faith and fair dealing is limited to assuring

3   compliance with the express terms of the contract and cannot be extended to create obligations

4   not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal. App. 4th

5   1089, 1094 (2004) (quotation omitted); *see also Racine & Laramie, Ltd. v. Dep't of Parks &*

6   *Recreation*, 11 Cal. App. 4th 1026, 1032 (1992).

7        Plaintiff has failed to allege facts sufficient to show the existence of an contract.

8   Accordingly, the Court finds that Plaintiff has failed to allege facts sufficient to show that

9   Defendants injured her right to receive the benefits of the agreement.  The Court concludes that

10  the Complaint fails to allege sufficient facts to support a claim for breach of the implied

11  covenant of good faith and fair dealing.  Accordingly, Defendants' Motion to Dismiss

12  Plaintiff's first claim for breach of contract and second claim for breach of implied covenant

13  of good faith and fair dealing is granted.

14       **B.     California's Unfair Competition Law - Claim Three**
                   **False Advertising Act - Claim Four**
15                 **Consumer Legal Remedies Act - Claim Five**

16       Defendants contend that Plaintiff lacks constitutional standing and lack standing

17  pursuant to California Proposition 64 to assert claims for violation of California's Unfair

18  Competition Law, the False Advertising Act, and the Consumer Legal Remedies Act on the

19  grounds that Plaintiff cannot establish injury-in-fact as a result of Defendants' actions.

20  Defendants also contend that "there are no allegations that Guzman heard, saw, or read any

21  alleged false statements."  (ECF No. 12-1 at 12).  Defendants contend that Plaintiff may not

22  assert any claims against the Rockies on the grounds that Plaintiff does not allege that she

23  attended the Rockies or had any contact with the Rockies.  Defendants allege that the claims

24  "sound in fraud" and are not alleged with the requisite level of particularity.  *Id*. at 15.

25       Plaintiff contends that she has standing to assert her claims on the grounds that she

26  "relied on the defendant's misrepresentations and omissions in deciding to enroll at one of the

27  Bridgepoint's academic institutions, and because she suffered injury through such enrollment."

28  (ECF No. 15 at 10).  Plaintiff contends that "Bridgepoint's standing argument is really an a

attack on the typicality of Plaintiff's claims and adequacy of her representation...." *Id.* at 12. Plaintiff contends that her claims for violation of California's Unfair Competition Law, the False Advertising Act, and the Consumer Legal Remedies Act are not subject to a heightened pleading standard, and "[f]or any allegations to which this Court does apply the heightened pleading standard of Rule 9(b), Plaintiff respectfully requests leave to amend." *Id.* at 18 n.4.

The Unfair Competition Law ("UCL") permits civil recovery for "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising ...." Cal. Bus. & Prof. Code section 17200. The False Advertising Act ("FAA") prohibits a "corporation or association ... [from] induc[ing] the public to enter into any obligation relating thereto, [or] to make or disseminate ... any advertising device... any statement, concerning ... those services ... which is untrue or misleading ...." Cal. Bus. & Prof. Code section 17500. The Consumer Legal Remedies Act ("CLRA") proscribes deceptive practices in the sale of goods and services. Cal. Civil Code section 1750 et seq.

Article III of the United States Constitution restricts federal judicial power to the adjudication of "Cases" or "Controversies." U.S. Const. art. III, § 2. Proposition 64 limits standing to sue under the UCL and FAA to those who have suffered an injury-in-fact as a result of the conduct which violated the UCL and FAA. *See Californians For Disability Rights v. Mervyn's, LLC,* 39 Cal. 4th 223, 227 (Cal. 2006) ("After Proposition 64, ... a private person has standing to sue only if he or she has suffered [an] injury in fact and has lost money or property as a result of such unfair competition.") (quotation omitted); *see also* Cal. Bus. & Prof. Code section 17204 (stating that an individual may sue "who has suffered injury in fact and has lost money or property as a result of the unfair competition."); Cal. Bus. & Prof. Code section 17535 (stating that an individual may sue who has suffered injury in fact and has lost money or property as a result of a violation of [the FAA].). The CLRA limits standing to sue to those who have suffered an injury-in-fact. *See* Cal. Civil Code section 1780 (stating that "[a]ny consumer who suffers any damage as a result of ... a method, act, or practice declared to be unlawful by [by the CLRA] may bring an action against that person."); *see also Meyer v. Sprint Spectrum L.P.,* 45 Cal. 4th 634, 641-46 (Cal. 2009). A plaintiff must also show that

1  the injury-in-fact was the result of the defendant's violation of the UCL, FAA, or CLRA.  *See*

2  *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27 (Cal. 2009); *see also Laster v. T-Mobile USA,*

3  *Inc.*, 407 F. Supp. 2d 1181, (S.D. Cal. 2005) ("after Proposition 64, a person seeking to

4  represent claims on behalf of others must show that (1) she has suffered actual injury-in-fact,

5  and (2) such injury occurred as a result of the defendant's alleged unfair competition or false

6  advertising.").

7       In this case,  Plaintiff Betty Guzman alleges that she "enrolled in online courses with

8  Ashford in 2006 after speaking with an online enrollment advisor."  (ECF No. 1 at ¶ 20).

9  Plaintiff has failed to allege sufficient facts to show that Defendants made any

10  misrepresentations to her.  Plaintiff alleged that she "completed approximately 20 online

11  courses."  *Id*.  Plaintiff alleges that Ashford claims that she owes it "over $3,600, and refuses

12  to issue her diploma."  *Id*.  Although Plaintiff alleges that she was injured, the Court finds that

13  Plaintiff has failed to allege sufficient facts to show that she relied on any misrepresentations

14  by Defendants and suffered an injury-in-fact caused by Defendants' conduct.  Plaintiff has also

15  generally alleged that Bridgepoint has made several misrepresentations and that the class

16  members and Plaintiff relied upon the misrepresentations.  The Court finds that Plaintiff's

17  conclusory allegations regarding general misrepresentations do not "provide the 'grounds' of

18  [their] 'entitle[ment] to relief.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555; *see also Ashcroft*

19  *v. Iqbal*, 129 S. Ct. at 1950.  The Court finds that pursuant to Proposition 64, Plaintiff does not

20  have standing to assert claims based on these general misrepresentations.  Accordingly,

21  Defendants' Motion to Dismiss Plaintiff's third claim for violation of the Unfair Competition

22  Law, fourth claim for violation of the False Advertising Act, and fifth claim for violation of

23  the Consumer Legal Remedies Act, and sixth claim for negligent misrepresentation is granted.

24       **C.     Negligent Misrepresentation - Claim Six**

25       Defendants contend that Plaintiff has failed to state a claim for negligent

26  misrepresentation on the grounds that "there are no allegations that Guzman heard, saw, or

27  read any alleged false statements."  (ECF No. 12-1 at 12).  Defendants contend Plaintiff may

28  not assert any claims against the Rockies on the grounds that Plaintiff does not allege that she

1   attended the Rockies or had any contact with the Rockies.

2        Plaintiff contend that she "relied on the defendant's misrepresentations and omissions

3   in deciding to enroll at one of the Bridgepoint's academic institutions ..." (ECF No. 15 at 10).

4   Plaintiff contends that her claims for negligent misrepresentation is not subject to a heightened

5   pleading standard.

6        The elements of a claim for fraud are: "(1) a misrepresentation, which includes a

7   concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e.,

8   scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5)

9   resulting damages." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) (citing

10  *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003)).  "The same elements comprise a cause

11  of action for negligent misrepresentation, except there is no requirement of intent to induce

12  reliance. "In both causes of action, the plaintiff must plead that he or she actually relied on the

13  misrepresentation." *Id*. (citing *Mirkin v. Wasserman,* 5 Cal. 4th 1082, 1088-89 (Cal. 1993)).

14  "It is well-established in the Ninth Circuit that both claims for fraud and negligent

15  misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank*

16  *of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d

17  1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species

18  of actual fraud....").

19       As discussed above, Plaintiff has failed to allege sufficient facts to show that

20  Defendants made any misrepresentations to her or that she relied on Defendants'

21  misrepresentations.  Plaintiff's conclusory allegations regarding general misrepresentations do

22  not "provide the 'grounds' of [their] 'entitle[ment] to relief.'" *Bell Atl. Corp. v. Twombly*, 550

23  U.S. at 555; *see also Ashcroft v. Iqbal*, 129 S. Ct. at 1950.  Accordingly, Defendants' Motion

24  to Dismiss Plaintiff's sixth claim for negligent misrepresentation is granted.[1]

25  **V.     Conclusion**

26       IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 12) filed by

27  _____

28       [1]  Defendants have also filed a Motion to Strike.  The Complaint is dismissed;
     accordingly, the Motion to Strike (ECF No. 13) filed by Defendants Bridgepoint Education,
     Inc., Ashford University, and University of the Rockies is DENIED as moot.

Defendants Bridgepoint Education, Inc., Ashford University, and University of the Rockies is GRANTED.  Plaintiff's Complaint is DISMISSED.  The Motion to Strike (ECF No. 13) filed by Defendants Bridgepoint Education, Inc., Ashford University, and University of the Rockies is DENIED as moot.  Plaintiff may file a motion for leave to file a first amended complaint, accompanied by a proposed first amended complaint, within thirty days from the date of this order.  If no motion is filed, the case will be dismissed without prejudice.

DATED:  October 19, 2011

**WILLIAM Q. HAYES**
United States District Judge