1   Christopher M. Young (Bar No. 163319)
    christopher.young@dlapiper.com
2   Noah A. Katsell (Bar No. 217090)
    noah.katsell@dlapiper.com
3   Karen S. Chen (Bar No. 241038)
    karen.chen@dlapiper.com
4   **DLA PIPER LLP (US)**
    401 "B" Street, Suite 1700
5   San Diego, CA 92101
    Telephone: (619) 699-2700
6   Facsimile: (619) 699-2701

7   Attorneys for Defendants BRIDGEPOINT
    EDUCATION, INC., ASHFORD UNIVERSITY,
8   and UNIVERSITY OF THE ROCKIES

9                    UNITED STATES DISTRICT COURT

10                 SOUTHERN DISTRICT OF CALIFORNIA

11

12   BETTY GUZMAN, on behalf of herself    CV NO.  11CV69 WQH (WVG)
     and all others similarly situated,
13                                         **MEMORANDUM OF POINTS AND**
                 Plaintiff,                **AUTHORITIES IN SUPPORT OF**
14                                         **DEFENDANTS NOTICE OF MOTION**
          v.                               **AND MOTION TO DISMISS FIRST**
15                                         **AMENDED CLASS ACTION COMPLAINT**
     BRIDGEPOINT EDUCATION, INC.,
16   ASHFORD UNIVERSITY, and               Date:        February 21, 2012
     UNIVERSITY OF THE ROCKIES,            Time:        11:00 a.m.
17                                         Judge:       Honorable William Q. Hayes
                 Defendants.               Ctrm.:       4
18
                                           **NO ORAL ARGUMENT UNLESS**
19                                         **REQUESTED BY THE COURT**

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.     INTRODUCTION ................................................................................................. 1

II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY ..................................... 2

       A.    Factual Background ............................................................................. 2

       B.    Procedural History .............................................................................. 3

III.   LEGAL STANDARD ........................................................................................... 4

IV.    PLAINTIFF LACKS STANDING TO ASSERT ANY OF THE CLAIMS FOR
       RELIEF ASSERTED IN THE FAC ......................................................................... 5

       A.    Plaintiff Has Not Alleged Facts to Establish Constitutional Standing................... 5

       B.    Plaintiff Has Not Alleged Facts to Support Statutory Standing Under the
             UCL, FAL and CLRA .......................................................................... 7

       C.    Plaintiff Was Not Enrolled in The Rockies, Did Not Receive Any
             Representation From The Rockies, and Therefore Lacks Standing to Sue
             The Rockies......................................................................................... 8

V.     PLAINTIFF FAILS TO PLEAD HER CLAIMS WITH SUFFICIENT
       PARTICULARITY .............................................................................................. 9

       A.    Plaintiff Fails to Plead Essential Elements of Her Fraudulent Concealment
             Claim With Particularity ...................................................................... 9

       B.    Plaintiff Fails to Plead Her UCL, FAL, and CLRA Claims With
             Particularity Under Rule 9(b)............................................................... 11

             1.    Claims Grounded in Fraud Must be Pled with Particularity .................... 11

             2.    Plaintiff's UCL, FAL, and CLRA Claims Are All Grounded in
                   Fraud ...................................................................................... 12

             3.    Plaintiff Fails to Plead With Particularity Any Statements Allegedly
                   Made to Her ............................................................................. 14

             4.    Plaintiff Fails to Plead With Particularity Reliance on Any of the
                   Alleged False Representations Set Forth in the FAC............................. 14

             5.    Plaintiff Fails to Plead With Particularity that She was Injured as a
                   Result of Defendants' Statements or Actions. .................................... 16

VI.    THE FAC FAILS TO MEET THE RULE 8 PLAUSIBILITY STANDARD................. 18

VII.   PLAINTIFF FAILS TO SPECIFY THE PARTICULAR CLRA SECTION
       DEFENDANTS ALLEGEDLY VIOLATED ............................................................ 21

VIII.  CONCLUSION. ................................................................................................ 21

# TABLE OF AUTHORITIES

**Page**

**CASES**

*Ashcroft v. Iqbal,*
   556 U.S. 662, 129 S. Ct. 1937 (2009) ......................................................... 4, 6, 18

*Balistreri v. Pacifica Police Dep't.,*
   901 F.2d 696 (9th Cir. 1990) ................................................................................. 4

*Blickman Turkus, LP v. MP Downtown Sunnyvale, LLC,*
   162 Cal. App. 4th 858 (2008) ............................................................................... 9

*Blum v. Yaretsky,*
   457 U.S. 991 (1982) .......................................................................................... 5, 6

*Brownfield v. Bayer Corp.,*
   No. 2:09-cv-00444, 2009 WL 1953035, (E.D. Cal. July 06, 2009) ..................... 17

*Californians for Disability Rights v. Mervyn's LLC,*
   39 Cal. 4th 223 (2006) ......................................................................................... 8

*Cattie v. Wal-Mart Stores, Inc.,*
   504 F. Supp. 2d 939 (S.D. Cal. 2007) .................................................................. 9

*Consumer Advocates v. Echostar Satellite Corp.,*
   113 Cal.App.4th 1351 (2003) ............................................................................. 10

*Engalla v. Permanente Med. Grp., Inc.,*
   15 Cal. 4th (1997) .............................................................................................. 16

*Ferrington v. McAfee,*
   2010 WL 3910169 (N.D. Cal. Oct. 5, 2010) ............................................ 11, 12, 13

*Herrington v. Johnson & Johnson Consumer Companies, Inc.,*
   2010 WL 3448531 (N.D. Cal. Sept. 1, 2010) ...................................................... 15

*In re Actimmune Marketing Litig.,*
   2009 WL 3740648 (N.D. Cal. Nov. 6, 2009) ................................................. 15, 17

*In re Apple & AT & TM Antitrust Litig.,*
   596 F. Supp. 2d 1288 (N.D. Cal. 2008) ................................................................ 5

*In re GlenFed Inc. Securities Litigation,*
   42 F.3d 1541 (9th Cir. 1994) ................................................................................ 5

*In re Tobacco II Cases,*
   46 Cal. 4th 298 (2009) ........................................................................ 8, 14, 15, 16

# TABLE OF CONTENTS
### (continued)

Page

*Kaldenbach v. Mutual of Omaha Life Ins. Co.*
178 Cal. App.4th 830 (2009) ............................................... 10

*Kearns v. Ford Motor Co.*,
567 F.3d 1120 (9th Cir. 2009).............................................. 15

*Kennedy v. Lehman Bros. Bank*,
2010 WL 4537831 (S.D. Cal. Nov. 2, 2010) ........................... 9

*Laster v. T-Mobile USA, Inc.*,
407 F.Supp.2d 1181, 1194 (S.D. Cal. 2005) ................ 8, 15, 17

*Lee v. American Nat. Ins. Co.*,
260 F.3d 997 (9th Cir. 2001)................................................. 9

*London v. New Albertson's, Inc.*,
2008 WL 4492642 (S.D. Cal. Sept. 30, 2008) ................... 9, 10

*Lorenz v. Sauer*,
807 F.2d 1509 (9th Cir. 1987)............................................. 11

*Marchante v. Sony Corp. of America*,
2011 WL 2680491 (S.D. Cal. July 8, 2011) .......................... 15

*Marolda v. Symantec Corp.*,
672 F. Supp. 2d 992 (N.D. Cal. July 28, 2009).................. 15, 17

*Meyer v. Sprint Spectrum L.P.*,
45 Cal. 4th 634 (2009) ....................................................... 8

*Mirkin v. Wasserman*,
5 Cal.4th 1082 (1993) ....................................................... 10

*Neilson v. Union Bank of Cal., N.A.*,
290 F. Supp. 2d 1101 (C.D. Cal. 2003) .......................... 11, 12

*Palestini v. Homecomings Financial, LLC*,
2010 WL 3339459 (S.D. Cal. Aug. 23, 2010) ................... 15, 21

*Planet Coffee Roasters, Inc. v. Dam*,
2009 WL 2486457 (C.D. Cal. Aug. 12, 2009)........................ 11

*Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*,
642 F. Supp. 2d 1112 (C.D. Cal. 2009) ............................... 11

-iii-

**TABLE OF CONTENTS**
(continued)

Page

*Sanchez v. Bear Stearns Residential Mortg. Corp.*,
2010 WL 1911154 (S.D. Cal. May 11, 2010) ...................................................... 9, 10

*Shamsian v. Atlantic Richfield Co.*,
107 Cal. App. 4th 967 (2003) ........................................................................ 15, 17

*Siemers v. Wells Fargo & Co.*,
2006 WL 3041090 (N.D. Cal. Oct. 24, 2006) ..................................................... 8, 9

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) ........................................................................ 15, 16

*Steel Co. v. Citizens For a Better Env't*,
523 U.S. 83 (1998) ............................................................................................ 5, 7

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ...................................................................... 4, 5, 16

*Wehlage v. EmpRes Healthcare, Inc.*,
791 F. Supp. 2d 774 (N.D. Cal. 2011) ................................................................. 12

*Yumul v. Smart Balance, Inc.*,
733 F. Supp. 2d 1117 (C.D. Cal. 2010) .......................................................... 11, 12

**STATUTES**

Cal. Bus. & Prof. Code §§ 17200 ("UCL") ........................................................... passim

Cal. Bus. & Prof. Code § 17204 ........................................................................... 7, 8

Cal. Bus. & Prof. Code §§ 17500 ("FAL") ........................................................... passim

Cal. Bus. & Prof. Code § 17535 ............................................................................... 7

Cal. Civ. Code § 1710(3) ..................................................................................... 5, 9

Cal. Civ. Code § 1750 ............................................................................................. 21

Cal. Civ. Code § 1780(a) ......................................................................................... 8

# TABLE OF CONTENTS
(continued)

**Page**

**OTHER AUTHORITIES**

Fed. R. Civ. P. 8 .......................................................................................................... passim

Fed. R. Civ. P. 8(a) ............................................................................................................ 21

Fed. R. Civ. P. 9(b) ..................................................................................................... passim

Fed. R. Civ. P. 12(b)(6) ................................................................................................... 1, 4

U.S. Const. Art. III ....................................................................................................... passim

1    Defendants Bridgepoint Education, Inc. ("Bridgepoint"), Ashford University ("Ashford"),

2    and University of the Rockies ("The Rockies") (collectively, "Defendants") respectfully move

3    this Court for an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing each claim of relief in the

4    First Amended Complaint ("FAC") filed by Plaintiff Betty Guzman ("Guzman" or "Plaintiff"),

5    for failure to state a claim upon which relief can be granted.

6    I.    **INTRODUCTION**

7    Plaintiff's FAC suffers from the same deficiencies as her original Class Action Complaint

8    ("CAC") filed one year ago.  The only difference:  Plaintiff now claims that *she was personally*

9    exposed to the very same alleged boilerplate misrepresentations scattered throughout the original

10   CAC.  In so doing, Plaintiff gives lip service to this Court's order dismissing the original

11   complaint, and seems to believe she has now adequately pled her claims for negligent

12   misrepresentation, fraudulent concealment, and violations of Business and Professions Code

13   section 17200 ("UCL"), Business and Professions Code section 17500 ("FAL"), and the

14   Consumer Legal Remedies Act ("CLRA").  Plaintiff is wrong.

15   Despite now claiming she was exposed to certain misrepresentations, Plaintiff still lacks

16   standing under Article III of the United States Constitution and Proposition 64 to pursue her

17   claims, because she has not pled "injury-in-fact."  The FAC fails to plead a nexus between the

18   alleged misrepresentations and a concrete injury to Plaintiff—simply stating, as Plaintiff does,

19   that she was "injured" is not enough.  Notably, Plaintiff does not claim that she did not receive

20   the education she paid for, that she could not transfer her course units to a different university and

21   continue her education (or that she even tried to do so), that her education was without value, that

22   she was enrolled or desired to enroll in the Doctor of Psychology Program at The Rockies, or that

23   she attended The Rockies at all (Guzman only attended Ashford, but is seeking in this case to

24   represent all individuals who either enrolled in or took classes at a separate institution—The

25   Rockies, which only offers graduate programs).  Consequently, Plaintiff has failed to allege injury

26   in fact flowing from Defendants' alleged misrepresentations.  In the absence of standing to sue,

27   each and every one of Plaintiff's claims fails to state a claim for which relief can be granted.

28   /////

1   Furthermore, Plaintiff fails to plead each of her claims, which are all based in fraud, with

2   particularity, as required by Federal Rule of Civil Procedure 9(b).  She fails to identify who made

3   the alleged representations or withheld the information, when the representations were made,

4   where the representations were made, or how they were made.  Plaintiff also fails to plead

5   reliance or resultant injury with the requisite level of particularity, instead simply claiming she

6   "relied" on the statements made to her and was "injured" thereby.  This is patently insufficient

7   under Rule 9(b).

8   Finally, Plaintiff attempts to allege that she now recalls hearing the purported

9   misrepresentations, where she previously apparently did not recall hearing any of them.  This is

10  simply not plausible, and is precisely the type of situation against which Rule 8 was meant to

11  guard.  For these reasons, discussed more fully below, Defendants respectfully request that the

12  Court dismiss the FAC with prejudice.

13  **II.    FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

14          **A.    Factual Background**

15  Bridgepoint is a for-profit, higher education company headquartered in San Diego,

16  California.  (FAC, ¶¶ 2, 22.)  In March 2005, Bridgepoint purchased The Franciscan University of

17  the Prairies, a then non-profit university, renamed it Ashford University, and converted it into a

18  for-profit university operating in both an online and campus capacity.  (FAC, ¶ 23.)  Two years

19  later, in September 2007, Bridgepoint purchased the Colorado School of Professional

20  Psychology, also a non-profit university, renamed it University of the Rockies, and converted it

21  into a for-profit university operating in both an online and campus capacity.  (FAC, ¶ 24.)  Both

22  Ashford and The Rockies maintain a physical campus, but the majority of the universities'

23  students are enrolled in online programs.  (FAC, ¶¶ 23-24.)

24  The FAC focuses on Bridgepoint's alleged marketing and enrollment "tactics," and claims

25  Bridgepoint is concerned with making money rather than providing its students with a quality

26  higher education that enables them to obtain a job in their desired profession.  (FAC, ¶ 6.)

27  Specifically, the FAC alleges Bridgepoint misrepresented to students that: (1) Ashford "offers one

28  of the lowest tuition costs available" (FAC, ¶¶ 3, 37); (2) the cost to earn a degree at The Rockies

1   was less than it actually was, as representations regarding the total cost of a degree did not

2   include administrative fees or the total length of the program (FAC, ¶ 44); (3) degrees from

3   Ashford and The Rockies were "equally valuable, accepted, and honorable as any equivalent

4   degree [the student] could earn from another accredited school or university, whether on a

5   traditional campus or online" (FAC, ¶ 47); (4) The Rockies' "goal is to provide a professional

6   graduate education in psychology to individuals who seek licensure as psychologists[]" (FAC,

7   ¶ 50); and (5) federal financial aid will cover a larger portion of their degree program than it

8   really does (FAC, ¶ 57).

9          Guzman was an online student at Ashford in 2006 and purportedly was exposed to

10   misrepresentations regarding: (1) the cost and affordability of a Bridgepoint education; (2) the

11   amount of educational expenses to be covered by federal financial aid; (3) the necessity of

12   applying for the maximum amount of financial aid; (4) Bridgepoint schools' accreditation and

13   transferability of units; and (5) post-graduation job prospects and earning potential.  (FAC, ¶ 30.)

14   After receiving the benefit of her education, for which she still owes over $3,600, Plaintiff now

15   claims that she was misled into enrolling at Ashford.  (*Id.*)  However, Guzman does not claim

16   that:  (1) she was provided any quote regarding the cost to attend Ashford; (2) her education was

17   useless; (3) she was not able to transfer her Ashford units to a traditional university; (4) she was

18   enrolled or desired to enroll in the Doctor of Psychology Program at The Rockies; (5) she even

19   attended The Rockies; or (6) she applied for or received federal financial aid.  Guzman

20   nevertheless seeks to represent a nationwide class of all persons who enrolled and/or attended

21   classes offered by Ashford or The Rockies from March 1, 2005 to the present.  (FAC, ¶ 77.)

22          **B.**      **Procedural History**

23          On March 15, 2011, Defendants filed a Motion to Dismiss and Motion to Strike Plaintiff's

24   Complaint.  (Docket No. 12.)  On October 19, 2011, this Court issued an Order ("October 18

25   Order") dismissing the Complaint in its entirety.  (Docket No. 21.)  The Court found that Plaintiff

26   failed to allege reliance on and injury by Defendants' alleged misrepresentations, as she had not

27   been exposed to any of the alleged misrepresentations.  (*Id.* at pp. 8-9.)  The Order permitted

28   Plaintiff to file a motion for leave to file a first amended complaint.

1    On November 18, 2011, Plaintiff filed her Motion for Leave to File a First Amended

2    Complaint, along with a proposed first amended class action complaint.  The Court granted

3    Plaintiff's motion and Plaintiff filed the FAC on January 4, 2012.

4    **III.    <u>LEGAL STANDARD</u>**

5    A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure[1] should

6    be granted where a complaint lacks a cognizable legal theory or sufficient facts to support a

7    cognizable legal theory.  *See Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir.

8    1990).  To survive a motion to dismiss, a complaint must meet the minimum pleading

9    requirements under Federal Rule of Civil Procedure 8 and "must contain sufficient factual matter,

10   accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

11   U.S. 662, 129 S. Ct. 1937, 1949 (2009) (citations omitted).  As the United States Supreme Court

12   explained:

13   > A claim has facial plausibility when the plaintiff pleads factual
       content that allows the court to draw the reasonable inference that
14   > the defendant is liable for the misconduct alleged. . . . The
       plausibility standard is not akin to a "probability requirement," but
15   > it asks for more than a sheer possibility that a defendant has acted
       unlawfully . . . Where a complaint pleads facts that are "merely
16   > consistent with" a defendant's liability, it "stops short of the line
       between possibility and plausibility of 'entitlement to relief.'"
17

18   *Id.* (citations omitted).  Consequently, "[t]hreadbare recitals of the elements of a cause of action,

19   supported by mere conclusory statements, do not suffice" and the court is not bound to "accept as

20   true a legal conclusion couched as a factual allegation."  *Id.* at 1949-50 (citations omitted).

21   In addition, claims premised on allegedly fraudulent statements or actions must be pled

22   with particularity.  Fed. R. Civ. P. 9(b); *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1103-

23   1104 (9th Cir. 2003) (noting that claims grounded in fraud must satisfy Rule 9(b)).  "Rule 9(b)

24   demands that, when averments of fraud are made, the circumstances constituting the alleged fraud

25   be specific enough to give defendants notice of the particular misconduct . . . so that they can

26   defend against the charge and not just deny that they have done anything wrong."  *Id.* at 1106

27   (citations and internal quotations omitted).  The plaintiff must not only include statements

28

---

[1] All subsequent references to the Federal Rules are to the Federal Rules of Civil Procedure, unless otherwise stated.

1   regarding "'the who, what, when, where, and how' of the misconduct charged[,]" they must also

2   "set forth what is false or misleading about a statement, and why it is false." *Id.* (citations

3   omitted).  "In other words, the plaintiff must set forth an explanation as to why the statement or

4   omission complained of was false or misleading" at the time the statement or omission was made.

5   *In re GlenFed Inc. Securities Litigation*, 42 F.3d 1541, 1548 (9th Cir. 1994).

6   **IV.   PLAINTIFF LACKS STANDING TO ASSERT ANY OF THE CLAIMS FOR**
    **RELIEF ASSERTED IN THE FAC**

7

8         As a threshold matter, Plaintiff lacks standing to assert claims against Defendants for

9   violation of the UCL, FAL, and CLRA, California Civil Code section 1710(3), or negligent

10  misrepresentation.  Plaintiff seeks to impose liability against Defendants for alleged

11  misrepresentations to which Plaintiff was neither exposed nor relied upon, and as to which she

12  has alleged no concrete injury.  This, she cannot do.

13        **A.   Plaintiff Has Not Alleged Facts to Establish Constitutional Standing**

14        Under Article III of the United States Constitution, a plaintiff must allege three things to

15  have standing to bring claims in federal court: (1) injury in fact—a harm suffered that is

16  "'concrete' and 'actual or imminent, not conjectural, or hypothetical[;]'" (2) causation between

17  the injury and the challenged conduct—"a fairly traceable connection between [their] . . . injury

18  and the complained-of conduct of the defendant[;]" and (3) "redressability—a likelihood that the

19  requested relief will redress the alleged injury."  *Steel Co. v. Citizens For a Better Env't*, 523 U.S.

20  83, 103 (1998) (citations omitted).  Accordingly, a plaintiff lacks standing to assert claims based

21  on alleged misrepresentations to which she was not exposed.  *Blum v. Yaretsky*, 457 U.S. 991,

22  999-1001 (1982) (rejecting Article III standing for plaintiffs who had not experienced the

23  particular conduct challenged); *see also In re Apple & AT & TM Antitrust Litig.*, 596 F. Supp. 2d

24  1288, 1309 (N.D. Cal. 2008) ("A demonstration of standing requires that 'named plaintiffs who

25  represent a class must allege and show that they personally have been injured, not that injury has

26  been suffered by other, unidentified members of the class to which they belong and which they

27  purport to represent." (citations omitted).  As the Supreme Court explained in *Blum*, "a plaintiff

28  who has been subject to injurious conduct of one kind [does not] possess by virtue of that injury

1    the necessary stake in litigating conduct of another kind, although similar, to which he has not

2    been subject."  457 U.S. at 999.

3           Here, Plaintiff claims, in a conclusory fashion, she was injured, and that she was injured

4    as a result of Defendants' representations.  However, in the absence of any allegations

5    demonstrating concrete injury resulting from Defendants' statements, Plaintiff does not have

6    standing to bring any of her asserted claims against Defendants.

7           First, Plaintiff cannot show injury or causation as to statements she never heard, saw, or

8    read.  Plaintiff does not contend she was exposed to or aware of Defendants' alleged military

9    enrollment tactics, misrepresentations related to The Rockies, or Defendants' compensation of its

10   enrollment advisors, but nevertheless continues to pursue claims premised on these alleged

11   actions and statements.  (FAC, ¶¶ 14-17, 59-67, 79.)  As the Court determined in its order

12   dismissing the original complaint, Plaintiff lacks standing to pursue relief based on statements or

13   practices to which she was not exposed, as she neither relied on nor was injured by such

14   statements or practices.  (Docket No. 21, p. 8.)  Certainly, if Plaintiff was not aware of

15   Defendants' compensation policies, military enrollment "tactics," or statements regarding The

16   Rockies, then she did not rely on these representations and was not influenced by these policies in

17   enrolling at the universities.  These representations and conduct could not, therefore, have caused

18   her injuries and Plaintiff does not have standing to pursue claims premised on these

19   representations and actions.

20          Second, Plaintiff has failed to allege injury in fact even as to the misrepresentations to

21   which she was allegedly exposed.  Plaintiff claims she has addressed the pleading deficiencies in

22   the CAC by identifying the alleged misrepresentations to which she was exposed.  (FAC, ¶¶ 30,

23   36, 46, 48, 51-53, 76.)  However, alleging exposure falls short of alleging injury in fact.  That is,

24   the mere fact of exposure does not equate to injury as a result from that exposure.  Article III

25   requires an allegation of an identifiable, concrete injury, which Plaintiff has not made.  Plaintiff

26   merely states in a conclusory manner that she was injured as a result of Defendants' purported

27   misrepresentations.  (FAC, ¶¶ 17, 73, 115, 119.)  This is patently insufficient under Rule 8.  *Iqbal*,

28   129 S.Ct. at 1949-1950.

1    Notably, the FAC does not contain a single allegation that Guzman was unable to transfer

2    her Ashford course units to another university (or that she even attempted to do so), even though

3    the FAC alleges that Defendants misrepresented to her that "all credits awarded by Bridgepoint

4    schools are transferable to other higher education institutions . . ."  (FAC, ¶ 30.)  Nor does

5    Plaintiff claim she attempted to apply for a high-paying position but was declined because of her

6    Ashford degree, even though the FAC alleges a degree from Ashford "neither qualifies [students]

7    to obtain the professional licensing that Defendants led them to believe they would obtain nor

8    qualifies them for any job placement other than low-wage. low-skill employment."  (FAC, ¶ 5.)

9    Plaintiff also does not contend she obtained a job with a lower salary than represented even

10   though the FAC alleges Defendants misrepresented that "she could easily find employment in her

11   field of study in which she could earn an annual salary of tens of thousands of dollars[.]" (FAC,

12   ¶¶ 30, 56.)  Finally, Plaintiff makes no claim that she was not able to repay her federal student

13   loans or applied for a larger amount than she needed (or that she even received federal financial

14   aid to attend Ashford), even though the FAC alleges she was told "to apply for maximum

15   financial aid."  (FAC, ¶ 30.)  Consequently, Guzman's "injury" is conjectural and hypothetical,

16   and is insufficient to provide standing under Article III.  *See Steel Co.*, 523 U.S. at 103.

17         **B.**      **Plaintiff Has Not Alleged Facts to Support Statutory Standing Under the**
                       **UCL, FAL and CLRA**
18

19         In addition to Constitutional standing requirements, plaintiffs asserting claims under the

20   UCL, FAL, or CLRA must meet California's standing requirements under Proposition 64.  Prior

21   to the California voters' passage of  Proposition 64, plaintiffs could sue companies on purported

22   claims of false advertising and unfair competition without alleging or proving they suffered any

23   economic injury resulting from the challenged advertising, or even that they saw the advertising.

24   In 2004, California voters put an end to this practice with Proposition 64, which added a specific

25   standing requirement to the UCL and FAL.  Following Proposition 64, sections 17204 and 17535

26   of the Business and Professions Code were amended to require plaintiffs to have "suffered injury

27   in fact and lost money or property as a result of the unfair competition" in order to bring UCL and

28   FAL claims (the latter of which are included within the statutory definition of unfair competition

1    claims).  *See* Cal. Bus. & Prof. Code §§ 17200 (defining "unfair competition" to include any

2    unlawful, unfair or fraudulent business act and untrue or misleading advertising in violation of

3    section 17500); 17203 (imposing requirement that private plaintiffs meet standing requirements

4    of section 17204); 17204 (imposing requirement that plaintiff have suffered injury in fact and

5    have lost money or property as a result of the unfair competition); *In re Tobacco II Cases*, 46 Cal.

6    4th 298, 313 (2009).  The CLRA contains the same standing requirement.  *See* Cal. Civ. Code §

7    1780(a) ("Any consumer who suffers any damage as a result of . . ."); *Meyer v. Sprint Spectrum*

8    *L.P.*, 45 Cal. 4th 634, 641-46 (2009).

9         Proposition 64 was meant to curtail suits on behalf of "clients [who had] not used the

10   defendant's product or service, viewed the defendant's advertising, or had any other business

11   dealing with the defendant . . ."  *Californians for Disability Rights v. Mervyn's LLC*, 39 Cal. 4th

12   223, 228 (2006).  Thus, in order to have standing to assert UCL, FAL, or CLRA claims, a

13   plaintiff must allege facts showing actual reliance on the challenged statements and resulting

14   injury in fact.  *In re Tobacco II Cases*, 46 Cal. 4th at 326-28; *see also Laster v. T-Mobile USA,*

15   *Inc.*, 407 F.Supp.2d 1181, 1194 (S.D. Cal. 2005) (rejecting UCL claim for lack of standing where

16   "none of the named Plaintiffs allege that they saw, read, or in any way relied on the

17   advertisements; nor do they allege that they entered into the transaction as a result of those

18   advertisements").

19        For the same reasons Plaintiff lacks standing under Article III, she is also without

20   standing to bring claims under the UCL, FAL, and CLRA.  As discussed above, Plaintiff has

21   failed to allege both injury in fact and injury resulting from Defendants' representations.

22   Consequently, Plaintiff lacks standing to bring claims under the UCL, FAL, and CLRA.

23   **C.   Plaintiff Was Not Enrolled in The Rockies, Did Not Receive Any**
       **Representation From The Rockies, and Therefore Lacks Standing to Sue The**
24     **Rockies**

25        Plaintiff lacks standing to bring any claims against The Rockies, as it is undisputed that

26   Plaintiff was only enrolled at Ashford.  (FAC, ¶ 21); *Siemers v. Wells Fargo & Co.*, 2006 WL

27   3041090, at *6 (N.D. Cal. Oct. 24, 2006) (finding plaintiff lacked standing to sue a defendant

28   with whom he had no dealing—there were no allegations that "plaintiff opened or held an account

1  with [defendant], that he spoke with any financial consultants who worked for [defendant], or that

2  he relied on anything that [defendant] said"); *Cattie v. Wal-Mart Stores, Inc.*, 504 F. Supp. 2d

3  939, 945-46 (S.D. Cal. 2007) (dismissing claims as to one defendant for lack of standing because

4  of lack of allegations showing that defendant was "involved in the wrongdoing against

5  Plaintiff[]"); *Lee v. American Nat. Ins. Co.*, 260 F.3d 997, 1001-02 (9th Cir. 2001) (dismissing

6  claims against one defendant for lack of standing due to lack of allegations showing that plaintiff

7  had been injured by defendant's challenged conduct.)  Indeed, the FAC does not allege that

8  Plaintiff took a single course at The Rockies, spoke with enrollment advisors or anyone else about

9  enrolling at The Rockies, entered into any contract with The Rockies, or paid any monies to The

10  Rockies.

11      In other words, Plaintiff continues to attempt to sue The Rockies despite the fact that she

12  had absolutely no contact or contract with The Rockies and was not injured by any conduct

13  related to The Rockies.  *Siemers,* 2006 WL 3041090, at *1; *Cattie,* 504 F. Supp. 2d at 946.

14  Accordingly, the Court should dismiss with prejudice all of Plaintiff's claims related to the

15  Rockies.

16  **V.    PLAINTIFF FAILS TO PLEAD HER CLAIMS WITH SUFFICIENT
        PARTICULARITY**

17

18      Even if Plaintiff had standing to pursue her claims, which she does not, she fails to plead

19  her negligent misrepresentation, Civil Code section 1710(3), UCL, FAL, and CLRA claims—

20  which all sound in fraud—with particularity, as required under the Federal Rules.  Because these

21  claims fail to meet the pleading requirements of Rule 9(b), they fail as a matter of law and should

22  be dismissed.

23      **A.    Plaintiff Fails to Plead Essential Elements of Her Fraudulent Concealment
            Claim With Particularity**

24

25      Claims for concealment under California Civil Code section 1710(3) are a species of fraud

26  and must be pled with particularity.  *Blickman Turkus, LP v. MP Downtown Sunnyvale, LLC*, 162

27  Cal. App. 4th 858, 878 (2008); *Sanchez v. Bear Stearns Residential Mortg. Corp.*, 2010 WL

28  1911154, at *3 (S.D. Cal. May 11, 2010); *Kennedy v. Lehman Bros. Bank*, 2010 WL 4537831, at

-9-

1   *3 (S.D. Cal. Nov. 2, 2010); *London v. New Albertson's, Inc.*, 2008 WL 4492642, at *6 (S.D. Cal.

2   Sept. 30, 2008).  The elements of a cause of action for fraudulent concealment are:  "(1) the

3   defendant must have concealed or suppressed a material fact, (2) the defendant must have been

4   under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally

5   concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have

6   been unaware of the fact and would not have acted as he did if he had known of the concealed or

7   suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff

8   must have sustained damage."  *Kaldenbach v. Mutual of Omaha Life Ins. Co.* 178 Cal. App. 4th

9   830, 850 (2009) (citations omitted).  To show that information is material, a plaintiff must

10  demonstrate that "had the omitted information been disclosed," the reasonable consumer would

11  have "been aware of it and behaved differently." *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093

12  (1993); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal.App.4th 1351, 1360 (2003).

13          Plaintiff fails to plead her fraudulent concealment claim with the particularity required by

14  Rule 9(b).  First, the FAC is wholly devoid of any allegations as to those persons involved in the

15  non-disclosure of the allegedly material facts.  *London*, 2008 WL 4492642 at *6; *Sanchez*, 2010

16  WL 1911154 at *4 (dismissing concealment claim where plaintiff failed allege "personnel or

17  employee of Defendants who allegedly engaged in the fraudulent conduct.").

18          Second, Plaintiff fails to plead with particularity the alleged materiality of the purportedly

19  omitted information.  Plaintiff simply contends in a conclusory fashion and without any factual

20  support, that the information concealed constituted "material facts."  (FAC, ¶¶ 111, 112, 113,

21  115.)  There are no allegations that a reasonable consumer, had he been aware of it, would have

22  acted differently.  Nor are there any allegations that, had Plaintiff known these facts, she would

23  not have enrolled at Ashford.

24          Finally, Plaintiff fails to allege with particularity that she was injured as a result of the

25  purported nondisclosure of information.  Plaintiff simply contends she was injured "[a]s a result

26  of Defendants concealment of these material facts[.]"  (FAC, ¶ 115).  She does not identify what

27  her injury consists of, nor does she state how the alleged nondisclosure caused her injury. This is

28  patently insufficient to plead a cause of action for fraudulent concealment under Rule 9(b).

**B.   Plaintiff Fails to Plead Her UCL, FAL, and CLRA Claims With Particularity Under Rule 9(b)**

Plaintiff artfully attempts to avoid having to comply with the pleading requirements of Rule 9(b) by leaving a direct fraud claim out of the FAC.  Such artful pleading, however, does not exempt Plaintiff from pleading her UCL, FAL, CLRA claims with particularity because each of these claims sounds in fraud.[2]  Therefore, Plaintiff must plead the "who, what, when, where, and how" of the alleged statements, as well as her reliance on the statements, with particularity.  Plaintiff has failed to do so.

**1.   Claims Grounded in Fraud Must be Pled with Particularity**

Courts have routinely held that claims grounded in fraud must be pled with particularity, even where the complaint does not include a separate claim for fraud.  *See, e.g., Ferrington v. McAfee*, 2010 WL 3910169, at *5 (N.D. Cal. Oct. 5, 2010) (requiring plaintiffs to plead their UCL and CLRA claims with particularity, as the complaint pled facts "that, taken together, necessarily constitute[d] elements of a fraud claim."); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1122 (C.D. Cal. 2010) (noting that, although fraud is not a necessary element of a claim under the CLRA and UCL, when "a plaintiff alleges 'fraudulent conduct and rel[ies] entirely on that course of conduct as the basis of that claim,' then 'the claim [can be] said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading ... as a whole must satisfy the particularity requirement of Rule 9(b).'") (citations omitted); *Pom Wonderful LLC v. Ocean Spray Cranberries, Inc.*, 642 F. Supp. 2d 1112, 1122 (C.D. Cal. 2009) (requiring plaintiff to plead UCL and CLRA claims with particularity, as "Plaintiff's allegations deal with the same underlying issue, which is Defendant's *intent* to mislead consumers by mischaracterizing the primary ingredients of the Beverage.") (emphasis added); *Planet Coffee Roasters, Inc. v. Dam*, 2009 WL 2486457, at *5 (C.D. Cal. Aug. 12, 2009) (requiring plaintiff to meet the heightened pleading

---

[2] It is undisputed that Plaintiff's negligent misrepresentation claim must be pled with particularity under Rule 9(b). (Docket No. 21, p. 9 ("It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement."); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d 1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species of actual fraud . . . .").  For the same reasons that Plaintiff's UCL, FAL, and CLRA claims fail, Plaintiff's negligent misrepresentation claim also fails as a matter of law.

1   requirements of Rule 9(b) for its UCL claim, even where plaintiff had not asserted a separate

2   fraud claim, as plaintiff alleged that defendant engaged in fraudulent conduct); *Wehlage v.*

3   *EmpRes Healthcare, Inc.*, 791 F. Supp. 2d 774, 789-90 (N.D. Cal. 2011) (requiring plaintiff to

4   plead CLRA claim with particularity under Rule 9(b), even where plaintiff had not asserted a

5   separate fraud claim, since the complaint "sounded in fraud.").

6          **2.      Plaintiff's UCL, FAL, and CLRA Claims Are All Grounded in Fraud**

7          Here, Plaintiff's UCL, FAL, and CLRA claims all sound in fraud.  The FAC alleges that

8   Defendants misrepresented: (1) the ability of The Rockies to qualify students for licensure as

9   psychologists; (2) that Ashford and The Rockies offer among the lowest tuition rates in the

10   country; (3) the value and utility of a degree from Ashford or The Rockies; (4) job placement

11   prospects; and (5) earnings potential after graduation.  (FAC, ¶¶ 94-96, 101-102, 107, 109.)

12   These are *precisely* the same alleged misrepresentations upon which Plaintiff premises her

13   negligent misrepresentation claim, which is, indisputably, a fraud-based claim that must be pled

14   with particularity.  (*Compare* ¶¶ 117-119 (negligent misrepresentation), with ¶¶ 94-96 (UCL),

15   ¶¶ 101-102 (FAL), and ¶¶ 107, 109 (CLRA); Docket No. 21, p. 9 ("It is well-established in the

16   Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s

17   particularity requirement.")); *Neilson v. Union Bank of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141

18   (C.D. Cal. 2003).  Because Plaintiff relies on the same course of allegedly fraudulent conduct as

19   the basis for her UCL, FAL, and CLRA claims, these claims are grounded in fraud and must also

20   be pled with particularity.  *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d at 1122.

21          Furthermore, Plaintiff's allegations regarding Defendants' purported misrepresentations

22   are strikingly similar to the allegations in *Ferrington*, which the court determined to constitute a

23   fraud claim such that the claims premised on those allegations had to be pled with particularity

24   under Rule 9(b).  Here, Plaintiff contends Defendants willfully made a variety of

25   misrepresentations, as "Bridgepoint's business model relies almost entirely on securing funding

26   from the federal government through misleading and deceptive tactics . . ." that "are designed to

27   sign up as many students as possible . . ."  (FAC, ¶¶ 13, 29.)  This alleged plan was purportedly

28   perpetrated through Defendants' improper compensation to its enrollment advisors and requiring

prospective students to provide personal contact information to obtain information about the

universities.  (FAC, ¶¶ 38, 95, 107.)  Specifically, Plaintiff alleges as follows:

- Defendants "*systematically* [made] these misrepresentations" which were "*designed to entice*" Plaintiff and other students to enroll at Ashford and The Rockies.  (FAC, ¶¶ 6, 29 (emphasis added).)

- "Bridgepoint engaged in a *pattern of improper and unlawful conduct* in order to *recruit* students and over-charge the federal government for federal financial aid . . .  The Defendants *exploited* Plaintiff . . . through the use of *standardized, misleading* recruitment tactics . . ."  (FAC, ¶ 3 (emphasis added).)

- "Defendants' *exploitive purpose* is achieved in part through Bridgepoint's *improper and unlawful practice* of setting enrolling quotas for its enrollment advisors . . ."  (FAC, ¶ 7 (emphasis added).)

- "In addition to implementing *deceptive tactics to induce* prospective students into enrolling . . ."  (FAC, ¶ 10 (emphasis added).)

- "Bridgepoint's explosive enrollment growth . . . is a direct result of *misleading marketing tactics designed to recruit* students to attend its schools . . ."  (FAC, ¶ 28 (emphasis added).)

- "Defendants are *motivated solely by profit to create and implement uniformly misrepresentative advertising and enrollment practices to induce* prospective and enrolled students to apply for federal student loans that they do not need, may not be able to repay, and for which they would not have applied but for Defendants' misrepresentations." (FAC, ¶ 55 (emphasis added).)

- "Bridgepoint also *expects* enrollment advisors to mislead prospective students . . ."  (FAC, ¶ 57 (emphasis added).)

Allegations like these, which assert a plan, scheme, or systematic pattern of behavior to

induce enrollment, go far beyond the "should have known" standard for negligence; they go to

knowledge of wrongful conduct and an intent to defraud and deceive.  *Ferrington*, 2010 WL

3910169 at *5.  These allegations, taken together, plainly claim fraud—that Defendants

knowingly, and with wrongful intent, made misrepresentations to Plaintiff and potential students

to "trick" them into enrolling at Ashford and The Rockies.  *Ferrington*, 2010 WL 3910169 at *5

(elements of a fraud claim are: "(a) misrepresentation . . .; (b) knowledge of falsity (or 'scienter');

1   (c) intent to defraud, i.e. to induce reliance; (d) justifiable reliance; and (e) resulting damage.'")

2   (citations omitted).  Plaintiff's claims of "intentional misrepresentation and concealment for the

3   purpose of 'tricking' or inducing reliance" in the potential students, "coupled with claims of

4   actual deception and [alleged] damages," amounts to a claim for fraud, and Plaintiff cannot

5   escape the pleading requirements of Rule 9(b) by artfully omitting a separate claim for fraud.

6       **3.     Plaintiff Fails to Plead With Particularity Any Statements Allegedly
            Made to Her**

7

8       The FAC summarily claims that Guzman was induced to enroll based on oral

9   misrepresentations made by Bridgepoint enrollment advisors regarding the cost and affordability

10  of a Bridgepoint education, the amount of educational expenses covered by federal financial aid,

11  and the necessity of applying for the maximum amount of financial aid.  The FAC also claims

12  Guzman enrolled because she told that the Bridgepoint schools were accredited, units were

13  transferrable to other higher education institutions, and a high percentage of Bridgepoint

14  graduates found jobs in their field of studies immediately following graduation and earned tens of

15  thousands of dollars in annual income.  (FAC, ¶ 30.)  These allegations are patently deficient

16  under Rule 9(b), as they fail to specify what was said to Guzman, when or where any statement

17  was allegedly made to her, or who made the statement to her.  As such, the FAC fails to allege

18  any of Plaintiff's fraud-based claims with specificity and they fail as a matter of law.

19      **4.     Plaintiff Fails to Plead With Particularity Reliance on Any of the
            Alleged False Representations Set Forth in the FAC**

20

21      Plaintiff's UCL, FAL, CLRA, and negligent misrepresentation claims fail for the

22  additional reason that Plaintiff does not allege with particularity that she *relied* on the purported

23  misrepresentations regarding the cost, value, and utility of a degree from Ashford.  Such pleading

24  is insufficient as a matter of law under Rule 9(b), and these claims therefore fail.

25          a.     *In re Tobacco II* Requires a Plaintiff to Plead Individualized
                   Reliance on the Statements Allegedly Made to Her

26

27      To set forth valid claims for negligent misrepresentation, and for violations of the FAL,

28  UCL, and the CLRA, plaintiff must allege that she acted on reliance of defendant's

1   representations or action, and was damaged as a result thereof. *Palestini v. Homecomings*

2   *Financial, LLC*, 2010 WL 3339459, at *10 (S.D. Cal. Aug. 23, 2010); *Laster v. T-Mobile USA,*

3   *Inc.*, 407 F. Supp. 2d at 1994; *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1003 (N.D. Cal.

4   July 28, 2009); *Shamsian v. Atlantic Richfield Co.*, 107 Cal. App. 4th 967, 983 (2003); *Kearns v.*

5   *Ford Motor Co.*, 567 F.3d 1120, 1126 (9th Cir. 2009). Further, where the claims sound in fraud,

6   reliance and injury must be pled with specificity. *In re Actimmune Marketing Litig.*, 2009 WL

7   3740648 at *10 (N.D. Cal. Nov. 6, 2009); *Marolda*, 672 F. Supp. 2d at 997. "[A]llegations that

8   are merely conclusory, unwarranted deductions of fact, or unreasonable inferences[]" are

9   disregarded. *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).

10      The *In re Tobacco II* decision does not exempt a plaintiff asserting claims under the UCL,

11   FAL, and CLRA from pleading individualized reliance with the particularity set forth in Rule

12   9(b). *Herrington v. Johnson & Johnson Consumer Companies, Inc.*, 2010 WL 3448531, at *8

13   (N.D. Cal. Sept. 1, 2010) (stating that *In re Tobacco II* "does not stand for, nor could it, a general

14   relaxation of the pleading requirements under Rule 9(b).") As the court in *In re Tobacco II*

15   recognized, it is only in the limited situation where plaintiffs were exposed to and relied upon a

16   decades-term advertising campaign that was multi-faceted across every type of media (television,

17   magazine, newspapers, radio, etc.) and that related to the same theme of misrepresentations (i.e.,

18   cigarettes not being harmful to one's health), that plaintiffs are not required to specify with detail

19   which of the particular representations they relied upon. *See In re Tobacco II*, 46 Cal. 4th at 328;

20   *see also Marchante v. Sony Corp. of America*, 2011 WL 2680491, *5 (S.D. Cal. July 8, 2011) (in

21   dismissing plaintiff's FAL claim for failure to identify specific statements made by defendants,

22   the court found that *In re Tobacco II* was "readily distinguishable," as "*In re Tobacco II* and its

23   progenitors dealt with the tobacco industry, an industry in which there was a decades-long

24   campaign to conceal the health risks of its products . . . Here, Plaintiffs allege they were generally

25   exposed to a deceptive advertising campaign for many months. Plaintiffs allege a minute fraction

26   of what was alleged in the tobacco cases; the attempted parallel is unconvincing.") It is in that

27   type of situation, and only that type of situation, that it is not fatal to a claim for misrepresentation

28   /////

1   if a plaintiff is unable to identify the specific misrepresentation relied on, when she heard or saw

2   it, and which medium the representation was conveyed in.

      b.   Plaintiff Fails to Plead Individualized Reliance on the Statements
           Allegedly Made to Her

5   *In re Tobacco II* does not apply here, where the misrepresentations alleged were of

6   wholly different types, including misrepresentations regarding cost of education, need to enroll,

7   accreditation, etc., spanned a limited period of time, and were limited in the media in which they

8   were distributed.  As set forth in section IV.A., *supra*, Plaintiff alleges Defendants made

9   misrepresentations regarding:  (1) the quality of the universities' academic instruction, (2)

10  students' post-graduation job prospects, employability and earnings potential, (3) the utility and

11  value of students' education at the universities, and (4) the ability of the Doctor of Psychology

12  Program to qualify students for professional licensure.  (FAC, ¶¶ 93-93, 101, 107, 117.)  Plaintiff

13  then summarily claims she relied on these representations in deciding to enroll at the universities,

14  and utterly fails to identify when the representations were made to her, who made them to her,

15  and where she saw the representation.  (FAC, ¶¶ 102, 119.)[3]

16  Not only is this insufficient to plead reliance under Rule 9(b), but it fails to even meet the

17  minimum pleading standard under Rule 8.  Plaintiff's claims of reliance are nothing more than

18  conclusory allegations unsupported by any facts, and should be disregarded.  *Sprewell v. Golden*

19  *State Warriors*, 266 F.3d at 988.  Absent such specific information, plaintiffs cannot state a claim

20  based on fraud.  *Vess*, 317 F.3d at 1106; *Moore*, 885 F.2d at 540; *Bly-Magee*, 236 F.3d at 1018-

21  19.  Inasmuch as Plaintiff does not allege she relied on any of the alleged misrepresentations,

22  these statements cannot form the basis for her claims.

      **5.   Plaintiff Fails to Plead With Particularity that She was Injured as a
             Result of Defendants' Statements or Actions.**

25  Finally, Plaintiff fails to plead, as she must, that she was injured as a result of Defendants'

26  statements or actions.  *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th, 951, 974 (1997);

27

28
_____
[3] With respect to her claims for violations of the UCL and CLRA, Plaintiff fails to allege reliance, and these claims
should be dismissed for this reason alone.

1  *Laster v. T-Mobile United States, Inc.*, 407 F.Supp.2d at 1194; *In re Actimmune Marketing Litig.*,

2  2009 WL 3740648 at *10; *Marolda v. Symantec Corp.*, 672 F. Supp. 2d at 1003; *Shamsian v.*

3  *Atlantic Richfield Co.*, 107 Cal.App. 4th at 983.  In pleading resultant injury, threadbare,

4  conclusory allegations that she has "suffered injury in fact" as a result of Defendants'

5  misrepresentations or actions is insufficient to state a claim for relief.  *Brownfield v. Bayer Corp.*,

6  No. 2:09-cv-00444, 2009 WL 1953035, at *4 (E.D. Cal. July 06, 2009).

7         Plaintiff's assertions that she suffered damages as a result of Defendants' alleged

8  misrepresentations and conduct are nothing more than conclusory statements:

9
- "Ms. Guzman was a victim of Bridgepoint's illegal recruiting tactics and misrepresentations."  (FAC, ¶ 73.)
10

11
- "Defendants injured members of the Class and general public as a direct and proximate result of the acts and practices alleged above."(FAC, ¶ 93.)
12

13
- "As a direct and proximate result of the acts and practices alleged above, members of the Class and the general public who enrolled in and/or attended classes at Ashford or The Rockies have been injured."  (FAC, ¶ 102.)
14

15

16
- "As a result of Defendants' violations of the Consumer Legal Remedies Act, Plaintiff and each member of the Class have suffered damages."  (FAC, ¶ 109.)
17

18
- "As a result of Defendants' concealment of these material facts, Plaintiff and the Class have been injured."  (FAC, ¶ 115)

19
- "Plaintiff and members of the Class have been damaged as a proximate result of Defendants' negligent conduct. . ."  (FAC, ¶ 119.)
20

21  Plaintiffs' conclusory allegations of injury and damages are devoid of any facts and should be

22  disregarded.  Notably, Plaintiff does not allege how or in what manner she was damaged—she

23  does not allege that she did not receive the education she paid for, that her course units were not

24  transferrable to another university, that she received a worthless degree, or that she was not able

25  to repay her federal student loans.

26         Nor does the FAC contain a single allegation that Plaintiff was injured as a result of

27  Defendants' representations regarding The Rockies, or targeting of active military and military

28  veterans with deceptive tactics (or that she, herself, was targeted based on military status).  Nor

1   does the FAC contain anything but vague and conclusory statements that Plaintiff was injured as

2   a result of Defendants' purported concealment on their websites of information regarding cost and

3   attendance of the universities (or that she even attempted to obtain such information from the

4   websites), or improper compensation of their enrollment advisors (or that she was even aware of

5   Defendants' compensation policies).  In the absence of any *specific* allegations that Plaintiff was

6   injured as a result of Defendants' statements or actions, the Court should disregard Plaintiff's

7   conclusory allegations and dismiss these claims for failure to state a claim with the requisite

8   specificity under Rule 9(b).

9   **VI.      THE FAC FAILS TO MEET THE RULE 8 PLAUSIBILITY STANDARD**

10          To survive a motion to dismiss, Plaintiff's claims must contain sufficient factual matter to

11   state a claim that is plausible on its face.  "[T]hreadbare recitals of the elements of a cause of

12   action, supported by mere conclusory statements, do not suffice" and the court is not bound to

13   "accept as true a legal conclusion couched as a factual allegation."   *Iqbal,* 556 U.S. 662, 129 S.

14   Ct. at 1949-1950 (citations omitted).  Plaintiff's claims fail to meet this standard.

15          A side-by-side comparison of the allegations in the FAC and the CAC shows that

16   Plaintiff's amended allegations simply take the deficient, boilerplate allegations in the CAC and

17   repackage them as statements purportedly made directly to Guzman.  It strains credulity and is

18   implausible that Plaintiff is now, suddenly, able to "remember" that she was exposed to all of the

19   *same* generalized misrepresentations alleged in the CAC.

20   /////

21   /////

22   /////

23   /////

24   /////

25   /////

26   /////

27   /////

28   /////

| MISREPRESENTATIONS IN CAC | MISREPRESENTATION ALLEGEDLY MADE TO PLAINTIFF IN FAC |
|---|---|
| • "Defendants misrepresented the true cost of attendance by falsely claiming that Ashford and The Rockies provide 'some of the lowest cost tuition programs available[.]'" (CAC, ¶ 6(b).)<br><br>• "[D]efendants misrepresent to potential and enrolled students that Ashford and The Rockies offer some of the lowest tuition, most affordable degree programs available . . ."  (CAC, ¶ 49.)<br><br>• "For instance, Ashford's website claims . . . Ashford is affordable: **benefit from one of the lowest program costs**. . ." (CAC, ¶ 50 (emphasis in original).)<br><br>• "[E]nrollment advisors' misleading claims that Ashford offers 'one of the cheapest undergraduate degree programs in the country' induce students to enroll and stay enrolled." (CAC, ¶ 56.) | • "Bridgepoint misrepresented that Bridgepoint schools offered the most affordable education to students, and the tuition and costs were the 'lowest' and could not be found elsewhere." (FAC, ¶ 30.) |
| • "Bridgepoint also expects enrollment advisors to mislead prospective students regarding how much of their degree program will be covered by federal financial assistance . . ." (CAC, ¶ 68.) | "Bridgepoint misrepresented that Federal financial aid would cover all tuition, books, fees, and other costs, including costs for purchasing computers and software."  (FAC, ¶ 30.) |
| • "Defendants pressure students to apply for the maximum available federal student loan amount, even when Defendants know or suspect that the student will be unable to repay the loan."  (CAC, ¶ 15.)<br><br>• ". . . Bridgepoint employees improperly pressure prospective students to enroll before completing their financial aid applications . . . Once enrolled, Bridgepoint completes and submits the financial aid applications on the students' behalf, requesting the maximum allowable amount even if the amount exceeds the students' needs."  (CAC, ¶ 67.) | • "Bridgepoint misrepresented that the need to enroll as soon as possible and to apply for maximum financial aid was urgent." (FAC, ¶ 30.) |

DLA PIPER LLP (US)<br>SAN DIEGO

WEST\228763877.1                MEMO OF P&A'S ISO DEFENDANTS' MOTION TO DISMISS FAC    11CV61 WQH (WVG)

| MISREPRESENTATIONS IN CAC | MISREPRESENTATION ALLEGEDLY MADE TO PLAINTIFF IN FAC |
|---|---|
| • "Defendants misrepresented The Rockies' accreditation with the American Psychological Association ("APA") and ability to qualify students to obtain professional psychology licensure." (CAC, ¶ 6(d).)<br><br>• "[M]any universities will not accept any transfer credits from any online universities, nor will they recognize an undergraduate degree from an online university as satisfying the academic prerequisites for admission to a graduate or professional degree program." (CAC, ¶ 60.) | • "Bridgepoint misrepresented that Bridgepoint schools are fully accredited, and all credits awarded by Bridgepoint schools are transferable to other higher education institutions." (FAC, ¶ 30.) |
| • "Defendants misrepresented students' post-graduation employability and earnings potential." (CAC, ¶ 6(e).)<br><br>• "Bridgepoint's enrollment advisors make uniform scripted oral mis-representations about the quality and reputation of its schools… These advisors explain to prospective students, following scripts from Bridgepoint, that a degree from Ashford or The Rockies will prepare them and qualify them for a number of professional occupations." (CAC, ¶ 63.) | • "Bridgepoint misrepresented that a high percentage of Bridgepoint graduates found jobs in their fields of studies immediately following graduation, and earned tens of thousands of dollars in annual income." (FAC, ¶ 30.) |

As can be seen above, each of the alleged misrepresentations that Plaintiff now claims to have been exposed to was alleged numerous times in the CAC, but in general terms. Plaintiff offers no justification for how these specific allegations could not have been included in the CAC. Defendants respectfully submit that this Court should cast a jaundiced eye at Plaintiff's belated attempt to do so now. It is simply not plausible that Plaintiff has suddenly recalled that she herself heard the litany of alleged misleading statements set forth in paragraph 30 of her proposed amended complaint when, before, she apparently heard none of these statements directly. Indeed, the FAC as a whole simply rehashes the allegations in the CAC, thus failing to correct the fatal deficiencies of lack of standing and reliance outlined by the Court in its order of dismissal. Further, as noted more fully in Section V, *supra*, the FAC is replete with conclusory assertions

1  that lack a factual basis for the assertions.  Accordingly, the FAC may properly be dismissed

2  under Rule 8(a).

3  **VII.    PLAINTIFF FAILS TO SPECIFY THE PARTICULAR CLRA SECTION
        DEFENDANTS ALLEGEDLY VIOLATED**

4

5       Plaintiff's fifth cause of action for violation of the CLRA fails for the independent reason

6  that it fails to state which particular section of the CLRA Defendants allegedly violated.  Plaintiff

7  instead generally alleges that she brings a cause of action against Defendants "under California

8  Civil Code § 1750 *et seq.*"  (FAC, ¶ 105.)  On this ground alone, Plaintiff's claim under the

9  CLRA should be dismissed.  *Palestini v. Homecomings Financial, LLC*, 2010 WL 3339459, at

10  *11 (S.D. Cal. Aug. 23, 2010) (holding that plaintiff's failure to identify the particular section of

11  the CLRA allegedly violated supported dismissal of this claim).

12  **VIII.   CONCLUSION.**

13       For all of the foregoing reasons, Defendants respectfully request that the Court dismiss

14  with prejudice each and every cause of action in the First Amended Complaint.  Because Plaintiff

15  has now had multiple opportunities to cure her pleading deficiencies, such dismissal should be

16  with prejudice.

17  Dated:  January 18, 2012                    DLA PIPER LLP (US)

18

19                                   ___/s/ Christopher M. Young_____
20                                   CHRISTOPHER M. YOUNG
                                     NOAH A. KATSELL
                                     KAREN S. CHEN
21
22                                   Attorneys for Defendants Bridgepoint
                                     Education, Inc., Ashford University, and
23                                   University of the Rockies

24

25

26

27

28