Christopher M. Young (Bar No. 163319)
christopher.young@dlapiper.com
Noah A. Katsell (Bar No. 217090)
noah.katsell@dlapiper.com
Karen S. Chen (Bar No. 241038)
karen.chen@dlapiper.com
**DLA PIPER LLP (US)**
401 "B" Street, Suite 1700
San Diego, CA 92101
Telephone: (619) 699-2700
Facsimile: (619) 699-2701

Attorneys for Defendants BRIDGEPOINT
EDUCATION, INC., ASHFORD UNIVERSITY,
and UNIVERSITY OF THE ROCKIES

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY GUZMAN, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>BRIDGEPOINT EDUCATION, INC., ASHFORD UNIVERSITY, and UNIVERSITY OF THE ROCKIES,<br><br>Defendants. | CV No.  11CV69 W (BGS)<br><br>**REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**<br><br>Date:   March 6, 2012<br>Time:   11:00 a.m.<br>Judge:  Honorable William. Q. Hayes<br>Ctrm.:  4<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

## I. INTRODUCTION

Instead of addressing head-on the problems with the First Amended Class Action Complaint ("FAC"), Plaintiff's Opposition cites a litany of inapplicable case law and mischaracterizes the allegations of the FAC, apparently in an attempt to draw attention away from the deficiencies in Plaintiff's claims against Defendants. Those deficiencies fall within two principal categories:

First, Plaintiff lacks standing to sue Defendants Bridgepoint Education, Inc. ("Bridgepoint"), Ashford University ("Ashford"), and the University of the Rockies ("The Rockies") (collectively, "Defendants") on the basis of alleged misrepresentations she did not hear, see, or read, and practices of which she could not be aware. In the absence of actual exposure to these alleged representations and practices, Plaintiff simply could not have relied on, or have been injured by the alleged statements and actions. As for the purported misrepresentations to which she was allegedly exposed, Plaintiff fails to allege any causal nexus between those statements and her purported injury.

Second, Plaintiff concedes in opposition that the FAC is premised on an allegedly uniform course of fraudulent conduct, thus subjecting her UCL, FAL, CLRA, and negligent misrepresentation claims to the heightened pleading standard under Federal Rule of Civil Procedure 9(b). Plaintiff, however, fails to identify either the persons involved in or the time of the alleged misrepresentations, and does not allege individualized reliance on or injury as a result of the statements. Therefore, Plaintiff's fraud-based claims should be dismissed.

For the above reasons and those set forth in Defendants' opening brief, Defendants respectfully request that the Court dismiss the FAC with prejudice.

## II. PLAINTIFF LACKS STANDING TO SUE DEFENDANTS

Plaintiff does not dispute that she must allege reliance and concrete injury to have standing to sue Defendants. (Opp., p. 4.) Nor does she dispute that she must allege the existence of a causal nexus between that injury and Defendants' alleged misrepresentations or actions. (*Id.*) The FAC, however, does neither and Plaintiff's Opposition does nothing to cure this deficiency.

/////

### A. Plaintiff Lacks Standing to Pursue Claims Against The Rockies or Premised on Actions and Statements to Which She Was Not Exposed

Plaintiff's contention that she has standing to pursue claims against a university (The Rockies) with which she had no contact, and based on statements she did not hear, see, or read, and practices to which she was not exposed, is unsupported by the law. (Opp., pp. 6-11.) As this Court has *already* found, Plaintiff was not exposed to and so could not have relied on or been injured by Defendants' alleged military recruitment tactics, compensation of its enrollment advisors, and misrepresentations related to The Rockies or regarding the quality of the universities' academic instruction, utility and value of students' education at the universities, and the ability of the Doctor of Psychology Program to qualify students for professional licensure. The FAC contains no allegations that Plaintiff received or was exposed to any of these representations or practices, and "conclusory allegations regarding [these] general misrepresentations do not "provide the 'grounds' of [their] 'entitle[ment] to relief.'"" (Docket No. 21, p. 8.)

In what has now become a recurring theme, Plaintiff again dramatically mischaracterizes the *In re Tobacco II* decision in an attempt to avoid pleading actual reliance on each of the alleged misrepresentations and instances of purported misconduct. (Opp., pp. 6-7.) To be clear: *In re Tobacco II* does nothing to change the requirement that a class representative must plead individualized reliance on each alleged misrepresentation in order to have standing to sue. *In re Tobacco II* holds, rather, that there may be a specific exception to the normal rules of reliance and that a plaintiff need not identify each specific misrepresentation relied on where the misrepresentations were of the same type, subject matter, and spanned decades across different media. 46 Cal. 4th 298, 327 (2009).[1] That decision absolutely does not accord Plaintiff here with

---

[1] Nor do the *Stearns v. Ticketmaster Corp.*, *Peviani v. Natural Balance, Inc.*, *Delarosa v. Boiron, Inc.*, and *Bottoni v. Sallie Mae, Inc.* hold that a plaintiff has standing to pursue claims based on misrepresentations not specifically relied on. *Stearns*, 655 F.3d 1013, 1020-21 (9th Cir. 2011) (plaintiff actually relied on the alleged misrepresentation); *Peviani*, 774 F. Supp. 2d 1066, 1071 (S.D. Cal. 2011) (finding standing because plaintiff read and relied on the misrepresentation contained on the product's label); *Delarosa*, 275 F.R.D. 582, 586 (C.D. Cal. 2011) (finding standing because plaintiff pled individual reliance on the misrepresentation contained on the product box regarding the product's medicinal properties); *Bottoni*, 2011 WL 635272, **12-13 (N.D. Cal. Feb. 11, 2011) (did not relate to reliance, but turned on the question of injury).

standing to sue based on representations to which she was not exposed, actions of which she was not aware, and a university with which she had no contact.

Nor do any of the cases cited by Plaintiff allow her to pursue these claims. *In re Dynamic Random Access Memory (DRAM) Antitrust Litig.*, 2006 WL 1530166 (N.D. Cal. June 5, 2006), a case cited by Plaintiff, was explicitly limited to price-fixing conspiracy cases. The court recognized that, "in conspiracy cases, plaintiffs' claims are typical of the class because proof of their section 1 claim will depend on proof of violation by defendants, and *not on the individual positioning of the plaintiff*." 2006 WL 1530166 at *4 (emphasis added). Similarly, *Arnold v. United Artist Theatre Circuit, Inc.*, 158 F.R.D. 439 (N.D. Cal. 1994), did not involve alleged misrepresentations, but rather the "legal permissibility of architectural design features" in a public accommodations suit. 158 F.R.D. at 449. In ruling on plaintiffs' motion for class certification, the court noted that "[i]nadequate wheelchair accommodations at particular theaters are very likely to affect all wheelchair-users in the same way[,]" thus allowing one person to sue on behalf of all. *Id*. *In re First Alliance Mortgage Co.*, 471 F.3d 977 (9th Cir. 2006), the only case cited by Plaintiff involving fraudulent misrepresentations, does not afford Plaintiff with standing to pursue claims based on statements to which she indisputably was not exposed. Instead, *In re First Alliance Mortgage Co.* involved the question of "what degree of commonality must exist among the misrepresentations made to borrowers to support class treatment in federal court[.]" 471 F.3d at 989. Accordingly, these inapposite cases do not cure Plaintiff's failure to meet the threshold standing requirements to bring the claims asserted.

**B.    Plaintiff Does Not Allege Injury, Nor Does She Allege She was Injured as a Result of Defendants' Alleged Misrepresentations**

Plaintiff contends in opposing this motion that she has suffered injury as a result of Defendants' alleged misrepresentations because Bridgepoint allegedly refused to issue Plaintiff her diploma and release her transcripts on the basis that she owes over $3,600 in tuition. (Opp. pp. 4-5.) Not so.

/////

/////

In fact, there are no allegations in the FAC linking this purported injury to Defendants' misrepresentations.[2] Plaintiff points to Defendants' alleged misrepresentations regarding tuition costs, federal financial aid, accreditation, and post-enrollment employment prospects as having "caused" this injury. (Opp., p. 4.) Notably, however, there is not a single allegation as to how these purported misrepresentations caused Plaintiff to not receive her diploma and transcripts, or to owe $3,600 to Defendants.

Apparently recognizing the lack of causation between her purported injury and Defendants' alleged misrepresentations, Plaintiff now claims, for the first time, that "she wasted thousands of dollars on Bridgepoint's worthless classes." (Opp., pp. 4 and 7.) Not once in the FAC itself, however, does Plaintiff contend the classes she took at Ashford were "worthless," or that she spent "thousands of dollars" to take courses at Ashford. And, even if the FAC did contain these allegations, they do not sufficiently allege injury such as to accord Plaintiff with standing under Article III of the Constitution or Proposition 64. *City of Los Angeles v. Lyons*, 461 U.S. 95, 101-102, 105 (1983) (finding allegations of injury too speculative to satisfy the standing inquiry). Notably, Plaintiff has not contended she could not obtain a job she applied for because of her Ashford degree, or that she even applied for any jobs, or could not repay her federal student loans, or that she even received federal financial aid. (*See* Mot., p. 7.) In the absence of any such allegations, her "injury" is purely conjectural.[3]

### III. PLAINTIFF FAILS TO PLEAD HER FRAUDULENT CONCEALMENT CLAIM WITH PARTICULARITY

Plaintiff does not dispute that her fraudulent concealment claim must be pled with specificity pursuant to Rule 9(b), but nevertheless fails to meet the requisite pleading standard for her claim. (Opp., p. 11.) First, Plaintiff must, but does not, identify the persons involved in the

---

[2] Plaintiff does not contend she was injured as a result of Bridgepoint's compensation policies and alleged military enrollment tactics and, presumably, concedes that these actions did not cause her injury.

[3] Plaintiff's attempt to parlay this Court's ruling on Defendants' motion to dismiss in the *Rosendahl v. Bridgepoint Educ., Inc.*, No. 11cv0061, matter is improper, as Plaintiff's allegations as to her purported injury differ in critical respects from plaintiffs' allegations in *Rosendahl*. In *Rosendahl*, one plaintiff alleged he "took out federal student loans to attend Ashford as a result[]" of Defendants' alleged misrepresentations and the other plaintiff alleged she enrolled believing the total cost of her program would be $53,000 when it was actually $75,000. (*Rosendahl* Docket No. 21, pp. 6-7.) Unlike plaintiffs in *Rosendahl*, Guzman has alleged no concrete injury resulting from Defendants alleged misrepresentations.

nondisclosure of information. *London v. New Albertson's, Inc.*, 2008 WL 4492642, at *6 (S.D. Cal. Sept. 30, 2008) (dismissing fraudulent concealment claim, finding that "plaintiff fails to allege with particularity the times, places and *those involved* in the alleged non-disclosure of material facts") (emphasis added); *Sanchez v. Bear Stearns Residential Mortg. Corp.*, 2010 WL 19111154, at *4 (S.D. Cal. May 11, 2010) (dismissing fraudulent concealment claim because plaintiff failed to identify, among others, "who failed to make those disclosures"). Instead, Plaintiff points to the persons who allegedly *made affirmative* misrepresentations to her and other prospective students—Bridgepoint enrollment advisors and Carlita Shelton. (Opp., p. 12.) In so doing, Plaintiff confuses two categories of individuals—those who were involved in the alleged concealment of information and those who made affirmative misrepresentations. The individuals allegedly involved in these acts are not one and the same, and that the former was pled does not exempt Plaintiff from pleading the latter.

Second, Plaintiff fails to plead that, had the allegedly concealed information been disclosed, the reasonable consumer would have been aware of it and would have behaved differently. *Mirkin v. Wasserman*, 5 Cal. 4th 1082, 1093 (1993); *Consumer Advocates v. Echostar Satellite Corp.*, 113 Cal. App. 4th 1351, 1360 (2003). Plaintiff concedes the FAC contains not a single allegation that the following information regarding the Bridgepoint universities was material to her or the reasonable consumer: (1) true costs of attendance, (2) refund policies, (3) accreditation, (4) completion and graduation rates, and (5) post-graduate employability.[4] (FAC, ¶ 111; Opp., p. 13.) Plaintiff instead contends that she need not plead materiality because materiality is presumed when Title IV and the CPPEA require disclosure of the information. (Opp. p. 13.) Plaintiff, however, has not cited a single case, and there are none, where a court presumed materiality because of a statutorily-mandated disclosure of that information. Plaintiff has not pled the materiality of this information, is not entitled to a presumption of reliance,[5] and must plead reliance with particularity.

---

[4] Plaintiff confuses what was and was not alleged in the FAC with respect to materiality of the allegedly concealed information. Of the seven types of information in paragraph 111 of the FAC, the only information she contends was material was "the unusually high Cohort Default Rates for Bridgepoint Students[.]" (*See* FAC, ¶ 11-12.)

[5] The "presumption of reliance" is a misnomer, as reliance and materiality are two sides to the same coin—reliance is proved by showing that the defendant's "nondisclosure was 'an immediate cause' of the plaintiff's injury-producing

1    Finally, Plaintiff fails to specifically identify her purported injury, or how that injury was caused by the alleged concealment. For the same reasons that her allegations of injury and causation are insufficient to accord her with standing, *see* Section II.B., *supra*, they do not satisfy the pleading requirements under Rule 9(b) for a fraudulent concealment claim.

## IV. THE FAC IS PREMISED ON AN ALLEGED UNIFIED COURSE OF FRAUDULENT CONDUCT AND ALL CLAIMS MUST BE PLED WITH PARTICULARITY

Plaintiff cannot have it both ways. She cannot, on the one hand, contend that Defendants strategically created a plan and process designed to systematically mislead and deceive students—i.e., that Defendants engaged in fraud—and, on the other hand, claim that her UCL, FAL, and CLRA claims are not grounded in fraud. Her allegations clearly sound in fraud, and must be pled with particularity.

### A. This Court Has Determined that Plaintiff's Negligent Misrepresentation Claim Must be Pled with Particularity Under Rule 9(b)

Plaintiff blatantly ignores this Court's October 19, 2011 Order, which expressly found that "[i]t is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." (Docket No. 21, p. 9, citing *Neilson v. Union Bank of Cal., N.A.*, 290 F.Supp.3d 1101, 1141 (C.D. Cal. 2003); *Lorenz v. Sauer*, 807 F.2d 1509, 1511-12.) Plaintiff did not seek reconsideration or otherwise appeal the October 19 Order, and cannot now claim that her negligent misrepresentation claim need not meet Rule 9(b)'s pleading standard. For the same reasons that Plaintiff's UCL, FAL, and CLRA claims fail, *see* Section IV.D., *infra*, Plaintiff's negligent misrepresentation claim fails as well.

### B. The FAC Is Premised On a Common Course of Allegedly Fraudulent Conduct

Plaintiff's own opposition brief demonstrates the FAC is based on a purported common course of fraudulent conduct, thus subjecting all claims to the Rule 9(b) heightened pleading

conduct" and that, had the information been disclosed, plaintiff "'in all reasonable probability' would not have engaged in the injury-producing conduct." *Hale v. Sharp Healthcare*, 183 Cal. App. 4th 1373, 1384 (2010) (citations omitted). Similarly, a nondisclosure is material if "a reasonable man would attach importance to its existence or nonexistence in determining his choice of action in the transaction in question[.]" *Id*. at 1385 (citations omitted). It is for this reason—the adequate pleading of materiality necessarily equates to reliance in the context of a nondisclosure claim—that courts are willing to presume reliance where materiality has been adequately pled.

standard:

> As the Complaint states, this action arises from Bridgepoint's recruiting practices predicated on misrepresentations and high-pressure sales tactics: Bridgepoint engaged in a *patter of improper and unlawful conduct* in order to recruit students . . . throughout the Class Period. [Bridgepoint] exploited Plaintiff and all members of the class, through the use of *standardized*, misleading recruitment tactics[.]

(Opp., p. 10 (emphasis and alterations in original).)  As evidenced by these allegations, as well as those set forth in the opening brief at page 13, the entire FAC is premised on the core contention that Bridgepoint engaged in misleading advertising tactics and unlawful compensation policies with the wrongful purpose and intent of inducing students to enroll at Ashford and The Rockies.[6]

Significantly, Plaintiff's UCL, FAL, and CLRA claims are premised on the *same* misrepresentations and conduct as her negligent misrepresentation claim, which is subject to the pleading requirements of Rule 9(b).  *Neilson*, 290 F.Supp.2d at 1141; (*compare* FAC, ¶¶ 177-199 (negligent misrepresentation) with ¶¶ 94-96 (UCL), ¶¶ 101-102 (FAL), and ¶¶ 107, 109 (CLRA).)  It is undisputed that the same allegedly fraudulent misrepresentations and conduct form the basis for all Plaintiff's claims, and she must, therefore, plead all her claims with particularity.  *Yumul v. Smart Balance, Inc.*, 733 F.Supp.2d 1117, 1123 (C.D. Cal. 2010) (finding that, when "a plaintiff alleges 'fraudulent conduct and rel[ies] entirely on that course of conduct as that basis of that claim,' then 'the claim [can be] said to be 'grounded in fraud' or to 'sound in fraud,' and the pleading . . . as a whole must satisfy the particularity requirement of Rule 9(b).").[7]

### C. The FAC Alleges Defendants Acted With Scienter and Intent to Defraud

In addition, the FAC also alleges that Defendants acted with scienter and an intent to defraud,[8] further evidencing that the UCL, FAL, and CLRA claims are fraud claims that must meet the particularity requirements of Rule 9(b).

---

[6] *Vess v. Ciba-Geigy Corp., U.S.A.* simply does not apply to the current situation where Plaintiff has chosen to allege "a unified course of fraudulent conduct[.]"  317 F.3d 1097, 1103 (9th Cir. 2003).

[7] Contrary to Plaintiff's contention (Opp., p. 16), the court's determination in *Yumul* was not premised on plaintiff's assent to the Rule 9(b) pleading standard.  Instead, the court independently found that Rule 9(b) applies to UCL, FAL, and CLRA claims that are grounded in a unified course of fraudulent conduct.  *Yumul*, 733 F.Supp.2d at 1123.

[8] Defendants do not concede the FAC, as it stands, sufficiently pleads scienter and an intent to defraud, but are simply pointing out that the allegations in the FAC amount to a contention that Defendants have engaged in fraud.

1  Fraud requires a showing of both scienter and an intent to defraud. *Ferrington v. McAfee*, 2010 WL 3910169, at *5 (N.D. Cal. Oct. 5, 2010). Scienter, or knowledge of falsity, is established by showing that "defendant had actual knowledge of the untruth of his statements, or that he lacked an honest belief in their truth, or that the statements were carelessly and recklessly made, in a manner not warranted by the information available to" the defendant. *Harper v. Silver*, 200 Cal.App.2d 103, 108 (1962); *In re Fortune Systems Sec. Litig.*, 1987 WL 34632, at *3 (N.D. Cal. July 30, 1987) (defining scienter as "actual knowledge of or *reckless disregard* for the truth of the alleged misrepresentations or omissions . . .") (emphasis added). Intent to defraud is defined as an "intent to induce reliance." *Motohouse Intern., LLC. v. PPG Industries, Inc.*, 2010 WL 476652, at *3 (S.D. Cal. Feb. 4, 2010).

Here, the FAC contains allegations relating to both of these hallmarks of fraud. Throughout the FAC, Plaintiff contends that Defendants knew their statements were inaccurate or recklessly disregarded the truth of the statements they made:

- [D]efendants *employ a sophisticated – and misleading – tactic* in displaying information on their websites." (FAC, ¶ 34 (emphasis added).)
- "[B]ridgepoint *engages in a number of misleading tactics aimed directly* at veterans who are considering enrolling." (FAC, ¶ 65 (emphasis added).)
- "[B]ridgepoint engaged in behavior where they *systematically recruited students through deceptive marketing*, harassing student recruitment tactics, and prohibited incentive programs, *all in an attempt to increase student enrollment* and drive up company profits." (FAC, ¶ 75 (emphasis added).)

Plaintiff also contends Defendants made these statements with the intent to induce Plaintiff and others to rely on the statements and enroll at the universities or apply for federal financial aid:

- "Defendants systematically make these misrepresentations to prospective enrolled students for one reason: *to recruit and enroll as many students as possible* in order to profit as much as possible . . ." (FAC, ¶ 6 (emphasis added).)
- "In addition to implementing deceptive tactics *to induce prospective students into enrolling* . . ." (FAC, ¶ 10 (emphasis added).)

- "Bridgepoint is motivated to make these misrepresentations *to induce prospective students* to apply for federal student loans . . ." (FAC, ¶ 14 (emphasis added).)

- "Plaintiff was *induced to enroll* in an online degree program offered by Defendants through misrepresentations and/or omissions in marketing and/or unfair business practices[.]" (FAC, ¶ 81) (emphasis added).)

Allegations like these which assert a plan, scheme, or systematic pattern of behavior to induce enrollment go far beyond the "should have known" standard for negligence; they go to knowledge of wrongful conduct and an intent to defraud and deceive. Therefore, Plaintiff's UCL, FAL, and CLRA claims must meet the heightened pleading requirements of Rule 9(b).

### D. **Plaintiff Does Not Meet the Pleading Requirements of Rule 9(b)**

"Fraud actions [] are subject to strict requirements of particularity in pleading[]" because "allegations of fraud involve a serious attack on character, and fairness to the defendant demands that he should receive the fullest possible details of the charge in order to prepare his defense." *Comm. on Children's Television, Inc.*, 35 Cal. 3d 197, 216 (1983). Both the facts constituting the alleged fraud, as well as reliance and injury, must be specifically pled. Plaintiff does neither.

Plaintiff's generalized contention that "a Bridgepoint enrollment advisor" and "Bridgepoint executives and staff" made the alleged misrepresentations to her sometime before she enrolled in 2006 is patently insufficient to satisfy the strict pleading requirements of Rule 9(b).[9] *Cerecedes v. U.S. Bancorp*, 2011 WL 2711071, at *4 (C.D. Cal. July 11, 2011) (noting plaintiff must "allege the names of the persons who made the allegedly fraudulent representations, their authority to speak . . . and when it was said or written."); *Saldate v. Wilshire Credit Corp.*, 268 F.R.D. 87, 102 (E.D. Cal. 2010) (dismissing fraud action because plaintiff failed to identify the names of the persons who made the representations, their authority to speak, to whom they spoke or what was said or written). Defendants are entitled to know the identity of

---

[9] Plaintiff's allegations here are a far cry from the allegations the courts found to be sufficient under Rule 9(b) in *Just Film, Inc. v. Protégé Investments, Inc.*, 2010 WL 4923146 (N.D. Cal. Nov. 29, 2010) (plaintiff pled the name of the person who made the misrepresentation as well as the month and year when the misrepresentation was made), *Shartsis Friese LLP v. JP Morgan Ret. Servs., LLC.*, 2009 U.S. Dist. LEXIS 58617 (N.D. Cal. Aug. 1, 2008) (same), and *Peterson v. Bank of America*, 2010 WL 18881070 (S.D. Cal. May 10, 2010) (plaintiff pled the specific date and time of the alleged misrepresentation, and identified those involved by name).

the persons involved in the alleged wrongdoing, as well as a specific time period of the alleged misrepresentations, so that they may investigate Plaintiff's claims and prepare their defense.

Furthermore, Plaintiff fails to plead, as she must, individualized reliance[10] on each of the alleged misrepresentations. Plaintiff claims she relied on misrepresentations regarding the quality of the universities' academic instruction, utility and value of students' education at the universities, and ability of the Doctor of Psychology Program to qualify students for professional licensure (FAC, ¶¶ 93, 101, 107, 117). But in the only paragraph where Plaintiff sets forth her conversations with her enrollment advisor (FAC, ¶ 30), she mentions none of these statements. Having received none of these representations, she cannot now contend she relied on them.

Finally, Plaintiff fails to plead she was injured as a result of these misrepresentations, or as a result of Bridgepoint's compensation policies and alleged military recruitment tactics. As discussed in section II.B., *supra*, in the absence of resultant injury, these representations and conduct cannot form the basis for her claims against Defendants.

## V. PLAINTIFF CONCEDES THE FAC DOES NOT SPECIFY THE CLRA SECTION DEFENDANTS ALLEGEDLY VIOLATED

Plaintiff has now had two opportunities to comply with the law and plead the specific CLRA section at issue. Plaintiff again attempts to correct this deficiency by listing, for the first time, the CLRA sections allegedly violated in her Opposition. Plaintiff cannot use her Opposition to remedy pleading deficiencies in the FAC, and the Court should dismiss her CLRA claim. *Schneider v. California Dept. of Corrections*, 151 F.3d 1194, 1197 fn. 1 (9th Cir. 1998).

## VI. CONCLUSION

For the foregoing reasons and those set forth in Defendants' opening brief, Defendants respectfully request that the Court dismiss each of Plaintiff's claims with prejudice.

Dated: February 28, 2011                    DLA PIPER LLP (US)

/s/ Christopher M. Young
CHRISTOPHER M. YOUNG
Attorneys for Defendants

---

[10] Plaintiff's continued attempt to avoid pleading individualized reliance finds no support in the law. As Plaintiff admits, the *Vasquez v. Superior Court*, 4 Cal. 3d 800 (1971), inference of reliance arises in limited circumstances only as to the *class*. *Vasquez* does not permit an inference of reliance as to the *named plaintiff*, and Plaintiff must still plead individualized reliance on each alleged misrepresentation.