# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY GUZMAN, on behalf of herself and all others similarly situated<br><br>                               Plaintiffs,<br>     vs.<br>BRIDGEPOINT EDUCATION, INC., ASHFORD UNIVERSITY, and UNIVERSITY OF THE ROCKIES,<br><br>                               Defendants. | CASE NO. 11cv69 WQH (WVG)<br><br>ORDER |

HAYES, Judge:

The matter before the Court is the Motion to Dismiss (ECF No. 27) filed by Defendants Bridgepoint Education, Inc., Ashford University, and University of the Rockies.

## I.   Background

On January 12, 2011, Plaintiff Betty Guzman initiated this action by filing the Complaint. (ECF No. 1). On March 15, 2011, Defendants Bridgepoint Education, Inc., Ashford University, and University of the Rockies filed a Motion to Dismiss and a Motion to Strike the Complaint. On October 19, 2011, the Court granted the Motion to Dismiss and denied as moot the Motion to Strike. (ECF No. 21).

On November 18, 2011, Plaintiff filed a Motion for Leave to file the First Amended Complaint. (ECF No. 22). On January 3, 2012, the Court granted the Motion for Leave to File First Amended Complaint. (ECF No. 25).

On January 4, 2012, Plaintiff filed the First Amended Complaint ("Complaint"). (ECF

No. 26). On January 18, 2012, Defendants filed the Motion to Dismiss the First Amended Complaint. (ECF No. 27).

## II.     Allegations of the Complaint

Plaintiff proposes a nationwide class action "composed of all persons who enrolled in and/or attended classes at either of the two academic institutions operated by Bridgepoint Education, Inc. ('Bridgepoint' or the 'Company') – Ashford University ('Ashford') or University of the Rockies ('The Rockies') – during the period approximately from March 1, 2005 through the present (the 'Class Period'), for violations of California's consumer protections statutes and common law." (ECF No. 26 at ¶ 1).

Plaintiff generally alleges that Bridgepoint, the company that owns and operates Ashford and The Rockies, "engaged in a pattern of improper and unlawful conduct in order to recruit students and over-charge the federal government for federal financial aid." *Id*. at ¶ 3. Plaintiff alleges that Defendants use "standardized, misleading recruitment tactics" including: (a) hiding federally-required disclosures on their website; (b) "misrepresent[ing] the true cost of attendance by falsely claiming that Ashford and The Rockies provide 'some of the lowest cost tuition programs available,' quoting to prospective students false and misleading tuition rates for degree programs, and failing to disclose substantial non-tuition costs such as administrative fees"; (c) misrepresenting the quality of academic instruction; (d) misrepresenting the status of "The Rockies' accreditation with the American Psychological Association ('APA') and ability to qualify students to obtain professional psychology licensure"; (e) misrepresenting employability and earnings potential for graduated students. *Id*. at ¶ 3. Plaintiff alleges that Defendants "made these uniform material misrepresentations in three ways: (a) through standardized written materials ... (b) through uniform scripted oral misrepresentations made by school's enrollment advisors; and (c) through material omissions of information that Defendants had a duty to disclose ...." *Id*. at ¶ 4. Plaintiff alleges that she and other class members relied on "these material misrepresentations when deciding to enroll." *Id*. at ¶ 5.

Plaintiff alleges that Defendants pressured the enrollment advisors to employ illegal

recruiting techniques including setting quotas for admissions. *Id*. at ¶¶ 7-9. Plaintiff alleges that Defendants misleadingly encourage students to apply for more federal financial aid than they need, fail to inform students that the percentage of students who default on their students loans is higher at Bridgepoint schools than other institutions, and fail to inform students that they will be required to begin repaying their loans immediately upon enrollment. *Id*. at ¶¶ 10-11. Plaintiff alleges that Defendants exploit federal education funding for veterans. *Id*. at ¶¶ 14-17.

Plaintiff Guzman alleges that she "enrolled in online courses with Ashford in 2006 after speaking with an online enrollment advisor and being exposed to Bridgepoint's false advertisement and statements regarding, among other things, the tuition and costs, federal financial aid, quality of education, accreditation, and post-enrollment employment prospects." *Id*. at ¶ 21. Plaintiff Guzman alleges that she "succumbed to Bridgepoint's high pressure recruiting tactics, and relied on Bridgepoint's false advertisement and misstatements before deciding to enroll at Ashford." *Id*. Plaintiff Guzman alleges that she "completed approximately 20 online courses." *Id*. Plaintiff Guzman alleges that Ashford claims that she owes them "over $3,600, and refuses to issue her diploma and release her transcripts." *Id*.

Plaintiff alleges that Bridgepoint "recklessly or negligently employs misrepresentative marketing tactics designed to entice prospective students to enroll at its universities and apply for federal loans they do not need and cannot pay back." *Id*. at ¶ 29. Plaintiff alleges that her "initial contact with Bridgepoint started through the Internet." *Id*. at ¶ 30. Plaintiff alleges that "[i]n the one-month period before her enrollment at Ashford in 2006, a Bridgepoint enrollment advisor used high-pressure sales tactics on her by calling her several times a week." *Id*. Plaintiff alleges:

> During that period, the Bridgepoint enrollment advisor made numerous misrepresentations to Ms. Guzman, including:
>
> Bridgepoint schools offered the most affordable education to students, and the tuition and costs were the "lowest" and could not be found elsewhere;
>
> Federal financial aid would cover all tuition, books, fees, and other costs, including costs for purchasing computers and software;

> The need to enroll as soon as possible and to apply for maximum financial aid was urgent;
>
> Bridgepoint schools are fully accredited, and all credits awarded by Bridgepoint schools are transferable to other higher education institutions; and
>
> A high percentage of Bridgepoint graduates found jobs in their fields of studies immediately following graduation, and earned tens of thousands of dollars in annual income.

*Id*. Plaintiff alleges that she "fell victim to Bridgepoint's systemic false advertisement, dissemination of misstatements, and boiler-room pressure recruiting tactics." *Id*.

Plaintiff asserts claims for (1) violation of California Business and Professions Code section 17200 ("Unfair Competition Law"); (2) violation of California Business and Professions Code section 17500 ("False Advertising Law"); (3) violation of the Consumer Legal Remedies Act ("CLRA"); (4) violation of California Civil Code § 1710(3); and (5) negligent misrepresentation.

### III.   Standard of Review

Federal Rule of Civil Procedure 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Federal Rule of Civil Procedure 8(a) provides: "A pleading that states a claim for relief must contain ... a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To sufficiently state a claim for relief and survive a Rule 12(b)(6) motion, a complaint "does not need detailed factual allegations" but the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting Fed. R. Civ. P. 8(a)(2)). When considering a motion to dismiss, a court must accept as true all "well-pleaded factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). However, a court is not "required to accept as true allegations that

are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009) (quotations omitted).

**IV.  Discussion**

    **A.  California's Unfair Competition Law - Claim One**
          **False Advertising Law - Claim Two**
          **Consumer Legal Remedies Act - Claim Three**
          **Negligent Misrepresentation - Claim Five**

Defendants contend that Plaintiff lacks constitutional standing to assert any claim because she has not been injured and that Plaintiff lacks standing pursuant to California Proposition 64 to assert claims for violation of California's Unfair Competition Law, the False Advertising Act, and the Consumer Legal Remedies Act on the grounds that Plaintiff has not adequately alleged injury-in-fact "simply stating ... that she was 'injured.'" (ECF No. 27-1 at 7). Defendants contend that Plaintiff has not alleged that she was exposed to Defendants' allegedly improper enrollment tactics regarding the military or Defendants' allegedly improper compensation of enrollment advisors.

Plaintiff contends that she has identified "specific examples of ... misrepresentations that she learned from listening to her enrollment advisor ... in 2006." (ECF No. 30 at 11). Plaintiff contends that she has adequately alleged that "[a]s a result of [her] enrollment, [she has] wasted thousands of dollars." *Id.* Plaintiff contends that the standing requirement does not require her to allege individualized instances of reliance.

The Unfair Competition Law ("UCL") permits civil recovery for "any unlawful, unfair or fraudulent business act or practice and unfair, deceptive, untrue or misleading advertising ...." Cal. Bus. & Prof. Code section 17200. The False Advertising Law ("FAL") prohibits a "corporation or association ... [from] induc[ing] the public to enter into any obligation relating thereto, [or] to make or disseminate ... any advertising device... any statement, concerning ... those services ... which is untrue or misleading ...." Cal. Bus. & Prof. Code section 17500. The Consumer Legal Remedies Act ("CLRA") proscribes deceptive practices in the sale of

1   goods and services. Cal. Civil Code section 1750 et seq.

2   Proposition 64 limits standing to sue to those who have suffered an injury-in-fact as a
3   result of the conduct which violated the UCL and FAL. *See Californians For Disability Rights*
4   *v. Mervyn's, LLC,* 39 Cal. 4th 223, 227 (Cal. 2006) ("After Proposition 64, ... a private person
5   has standing to sue only if he or she has suffered [an] injury in fact and has lost money or
6   property as a result of such unfair competition.") (quotation omitted); *see also* Cal. Bus. &
7   Prof. Code section 17204 (stating that an individual may sue "who has suffered injury in fact
8   and has lost money or property as a result of the unfair competition."); Cal. Bus. & Prof. Code
9   section 17535 (stating that an individual may sue who has suffered injury in fact and has lost
10  money or property as a result of a violation of [the FAA].). The CLRA limits standing to sue
11  to those who have suffered an injury-in-fact. *See* Cal. Civil Code section 1780 (stating that
12  "[a]ny consumer who suffers any damage as a result of ... a method, act, or practice declared
13  to be unlawful by [by the CLRA] may bring an action against that person."); *see also Meyer*
14  *v. Sprint Spectrum L.P.,* 45 Cal. 4th 634, 641-46 (Cal. 2009). A plaintiff must also show that
15  the injury-in-fact was the result of the defendant's violation of the UCL, FAL, or CLRA. *See*
16  *In re Tobacco II Cases*, 46 Cal. 4th 298, 326-27 (Cal. 2009); *see also Laster v. T-Mobile USA,*
17  *Inc*., 407 F. Supp. 2d 1181, (S.D. Cal. 2005) ("after Proposition 64, a person seeking to
18  represent claims on behalf of others must show that (1) she has suffered actual injury-in-fact,
19  and (2) such injury occurred as a result of the defendant's alleged unfair competition or false
20  advertising.").

21  In this case, Plaintiff Guzman alleges that she enrolled in online courses with
22  Ashford in 2006 after viewing the website and speaking with an online enrollment advisor
23  several times. Plaintiff alleges that an enrollment advisor made certain misrepresentations to
24  her including that:

25  > Bridgepoint schools offered the most affordable education to students,
26  > and the tuition and costs were the 'lowest' and could not be found
    > elsewhere;

27  > Federal financial aid would cover all tuition, books, fees, and other
    > costs, including costs for purchasing computers and software;
28
    > The need to enroll as soon as possible and to apply for maximum

> financial aid was urgent;
>
> Bridgepoint schools are fully accredited, and all credits awarded by Bridgepoint schools are transferable to other higher education institutions; and
>
> A high percentage of Bridgepoint graduates found jobs in their fields of studies immediately following graduation, and earned tens of thousands of dollars in annual income.

(ECF No. 26 at ¶ 30). Plaintiff alleges that she "fell victim to Bridgepoint's systemic false advertisement, dissemination of misstatements, and boiler-room pressure recruiting tactics." *Id.* Plaintiff alleges that she "completed approximately 20 online courses." *Id.* at 29.

Plaintiff alleged specific misrepresentations which induced her to enroll in courses at Ashford. Plaintiff alleges that she enrolled at Ashford as a result of the misrepresentations and completed online courses incurring debt as a result. The Court finds that Plaintiff has adequately alleged injury in fact which occurred as a result of the Defendants' misrepresentations. Accordingly, Plaintiff has standing to assert her claims against Bridgepoint and Ashford.

Defendants contend that Plaintiff may not assert any claims against the Rockies on the grounds that Plaintiff does not allege that she attended the Rockies or had any contact with the Rockies. Plaintiff contends that Defendants asserts a premature challenge to her typicality and adequacy to serve as a class representative. Plaintiff contends that she has adequately alleged representative standing for her claims against the Rockies based on a common course of misconduct.

Article III of the United States Constitution restricts federal judicial power to the adjudication of "Cases" or "Controversies." U.S. Const. art. III, § 2. "The 'irreducible constitutional minimum of standing' contains three requirements." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 102 (1998) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992); *see also Prasco, LLC v. Medicis Pharmaceutical Corp.*, 537 F.3d 1329, 1339 (Fed. Cir. 2008) (emphasis in original). "First ..., there must be alleged (and ultimately proved) an 'injury in fact'—a harm suffered by the plaintiff that is 'concrete' and 'actual....'" *Steel Co.*, 523 U.S. at 103 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990)). "Second, there

must be causation—a fairly traceable connection between the plaintiff's injury and the complained-of conduct of the defendant." *Steel Co.*, 523 U.S. at 103 (citing *Simon v. Eastern Ky. Welfare Rights Organization*, 426 U.S. 26, 41-42 (1976)). "And third, there must be redressability—a likelihood that the requested relief will redress the alleged injury." *Steel Co.*, 523 U.S. at 103 (citations omitted).

In this case, Plaintiff has not alleged that she had any contact with the Rockies. Plaintiff has not alleged that she relied on any misrepresentations by the Rockies. Plaintiff has not alleged that she enrolled or attended courses at the Rockies. Plaintiff has not alleged that she incurred any debt as a result of misrepresentations by the Rockies. The Court finds that Plaintiff has failed to allege sufficient facts to show injury in fact, causation, and redressability regarding her claims against the Rockies. The Court finds that Plaintiff lacks standing to assert claims against the Rockies.

Defendants allege that the claims "sound in fraud" and are not alleged with the requisite level of particularity. (ECF No. 27-1 at 15). Plaintiff contends that her claims for violation of the UCL, FAL, CLRA, and negligent misrepresentation are not subject to a heightened pleading standard because they are based on Defendants' reckless and negligent conduct, not fraud. Plaintiff contends that even if the heightened pleading standard applied, she has asserted particularized facts which adequately state claims.

The elements of a claim for fraud are: "(1) a misrepresentation, which includes a concealment or nondisclosure; (2) knowledge of the falsity of the misrepresentation, i.e., scienter; (3) intent to induce reliance on the misrepresentation; (4) justifiable reliance; and (5) resulting damages." *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) (citing *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173 (2003)). "The same elements comprise a cause of action for negligent misrepresentation, except there is no requirement of intent to induce reliance. "In both causes of action, the plaintiff must plead that he or she actually relied on the misrepresentation." *Id*. (citing *Mirkin v. Wasserman,* 5 Cal. 4th 1082, 1088-89 (Cal. 1993)). "It is well-established in the Ninth Circuit that both claims for fraud and negligent misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank*

1  *of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d
2  1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species
3  of actual fraud....").

4  "It is well-established in the Ninth Circuit that both claims for fraud and negligent
5  misrepresentation must meet Rule 9(b)'s particularity requirement." *Neilson v. Union Bank*
6  *of Cal., N.A.*, 290 F. Supp. 2d 1101, 1141 (C.D. Cal. 2003); *see also Lorenz v. Sauer*, 807 F.2d
7  1509, 1511-12 (9th Cir. 1987) ("Under California law, negligent misrepresentation is a species
8  of actual fraud...."). Pursuant to Rule 9(b), "in alleging fraud or mistake, a party must state
9  with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule
10 9(b) "requires more specificity [than Rule 8,] including an account of the time, place, and
11 specific content of the false representations as well as the identities of the parties to the
12 misrepresentations." *Swartz v. KPMG LLP*, 476 F.3d 756, 764 (9th Cir. 2007) (quotation
13 omitted).

14 The Court finds that Plaintiff's claims must meet the heightened pleading requirement
15 of Rule 9(b) because each claim is based on misrepresentations. Plaintiff has adequately
16 alleged that the misrepresentations took place during the month prior to Plaintiff's enrolled in
17 Ashford in 2006 and that the misrepresentations were on Ashford's website and were made
18 orally by an enrollment advisor. Plaintiff has adequately alleged that Bridgepoint made
19 specific misrepresentations regarding the affordability of an education at Ashford, regarding
20 federal financial aid covering all costs, regarding an urgent need for enrollment, regarding
21 Bridgepoint schools being fully accredited, and regarding the transferability of credits earned
22 at a Bridgepoint schools. The Court concludes that Plaintiff has adequately alleged the time,
23 manner, and content of the misrepresentations satisfying the Rule 9(b) requirements.

24 Defendants also contend that "[a] side-by-side comparison of the allegations in the
25 [initial Complaint] and the [current Complaint] shows that Plaintiff's amended allegations
26 simply take the deficient, boilerplate allegations in the [initial Complaint] and repackage them
27 as statements purportedly made directly to Guzman. It strains credulity and is implausible that
28 Plaintiff is now, suddenly, able to 'remember' that she was exposed to all of the same

generalized misrepresentations alleged in the [current Complaint]." (ECF No. 27-1 at 24). The court must accept the allegations of the Complaint as true when considering the Motion to Dismiss. *See Iqbal*, 556 U.S. at 679.

Defendants' Motion to Dismiss Plaintiff's first claim for violation of the Unfair Competition Law, second claim for violation of the False Advertising Law, third claim for violation of the Consumer Legal Remedies, and fifth claim for negligent misrepresentation against Bridgepoint and Ashford is DENIED. Defendants' Motion to Dismiss Plaintiff's first claim for violation of the Unfair Competition Law, second claim for violation of the False Advertising Law, third claim for violation of the Consumer Legal Remedies, and fifth claim for negligent misrepresentation against the Rockies is GRANTED**.**

### B.   Violation of California Civil Code § 1710(3) - Claim Four

Defendants contends that Plaintiff fourth claim for violation of California Civil Code section 1710(3) ("CLRA") fails because the Complaint does not "state which particular section of the CLRA Defendants actually violated." (ECF No. 27-1 at 27). Plaintiff contends that "on the face of [the allegations of misrepresentations], it is obvious that such sections include California Civil Code sections 1770(5) ('representing that goods or services have ... characteristics ... which they do not have....'), 1770(a)(7) ('representing that goods or services are of a particular standard, quality, or grade ... if they are of another'), and 1770(a)(9) ('advertising goods or services with intent not to sell them as advertised')." (ECF No. 30 at 33-34). Plaintiff requests: " If the Court concludes that Ms. Guzman has not sufficiently pled which provisions of the CLRA she claims were violated, she respectfully requests leave to amend to correct any such technical deficiency." *Id*. at 34.

California Civil Code section 1710(3) provides: "The suppression of a fact, by one who is bound to disclose it, or who gives information of other facts which are likely to mislead for want of communication of that fact...." Cal. Civ. Code § 1710(3).

The Complaint does not identify the particular sections of CLRA that Plaintiff alleges have been violated. Although Plaintiff has identified particular sections in the opposition to the motion to dismiss, "'new' allegations contained in the ... opposition ..., however, are

1  irrelevant for Rule 12(b)(6) purposes." *Schneider v. California Dept. of Corrections,* 151 F.3d
2  1194, 195 n.1 (9th Cir. 1998); *see also Palestini v. Homecomings Financial, LLC,* Case No.
3  10CV1049-MMA, 2010 WL 3339459 at *11 (S.D. Cal. Aug. 23, 2010) ("The Court agrees that
4  [Plaintiffs failure to identify which particular section of the CLRA Defendants violated], alone,
5  supports dismissal of Plaintiffs' claim."). Defendants' Motion to Dismiss Plaintiff's fourth
6  claim for violation of California Civil Code section 1710(3) is GRANTED.

**V.     Conclusion**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 27) filed by Defendants Bridgepoint Education, Inc., Ashford University, and University of the Rockies is GRANTED in part and DENIED in part. All claims against Defendant University of the Rockies are DISMISSED. Plaintiff's fourth claim for violation of California Civil Code section 1710(3) is DISMISSED. Plaintiff may file a motion for leave to file a second amended complaint, accompanied by a proposed second amended complaint, within thirty days from the date of this order.

DATED: May 30, 2012

**WILLIAM Q. HAYES**
United States District Judge