UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BETTY GUZMAN, | Civil No.11-0069-WQH(WVG) |
| Plaintiff, | ORDER REGARDING JOINT STATEMENT FOR DETERMINATION OF DISCOVERY DISPUTES |
| v. | |
| BRIDGEPOINT EDUCATION, INC., ASHFORD UNIVERSITY, | |
| Defendants. | |

On March 4, 2014, the Court received a Joint Statement For Determination of Discovery Disputes ("Joint Statement"). The Court, having reviewed the Joint Statement and the documents attached thereto, and GOOD CAUSE APPEARING, HEREBY DENIES as UNTIMELY the motions to compel further responses to interrogatories and requests for production of documents contained in the Joint Statement.

Background

On September 23, 2013, the Court issued a Case Management Conference Order ("CMC Order") that stated that discovery was authorized only for class certification

issues. Discovery on the merits of Plaintiff's claims and Defendants' defenses was not authorized.

The CMC Order states in pertinent part:

> <u>All</u> discovery pertaining to facts shall be completed on or before <u>March 31, 2014</u>... "*Completed*" means that all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, <u>so that it may be completed</u> by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure. All disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred."(emphasis in original). (CMC Order, at 2, ll. 17-18, 20-27).

This Court's Chambers Rules also state in pertinent part: "For written discovery, the event giving rise to the discovery dispute is the date of the service of the response." (Hon. William V. Gallo Chambers Rules, at IV.E.).

On November 8, 2013[1], Plaintiff and Defendants filed a Joint Motion For Extension of Time To File Joint Statement Regarding Discovery Dispute ("Joint Motion For Extension"). In the Joint Motion For Extension, the parties acknowledged that the deadline to bring the dispute to the Court's attention was on the very day they filed it. On November 12, 2013[2], the Joint Motion For

---

[1] November 8, 2013 was a Friday.

[2] November 12, 2013, a Tuesday, was the first business day after Veteran's Day, a federal court holiday.

Extension was denied for two reasons: the parties' failure to meet and confer in person and because it was untimely.

Requests for Admission and Interrogatories

On August 5, 2013, Plaintiff served Requests for Admission and Interrogatories on Defendants Ashford University ("Ashford") and Bridgepoint Education ("Bridgepoint").

On October 9, 2013, Ashford provided to Plaintiff Responses to the Requests for Admission and Interrogatories. No Responses were received from Bridgepoint.

On October 29, 2013, Plaintiff's counsel sent a meet and confer letter[3] to Ashford's counsel regarding his perceived deficiencies in Ashford's Responses to Requests for Admission and Interrogatories. The meet and confer letter also noted Bridgepoint's failure to respond.

On November 15, 2013, Bridgepoint provided to Plaintiff its Responses to Requests For Admission and Interrogatories.

On November 22, 2013, in compliance with the Court's Local Rules and this Court's Chambers Rules, albeit late in the process, counsel attended an in-person meet and confer conference. At the conference, Defendants' counsel stated that supplemental responses to the Requests for Admission and Interrogatories may be forthcoming, but did not indicate which discovery responses would be supplemented.

---

[3] The meet and confer obligation done only by letter is a violation of the Court's Local Rules and this Court's Chambers Rules. Since counsel are both located in San Diego County, they were required to meet and confer in person.

On December 10, 2013 and January 23, 2014, Plaintiff's counsel sent an email and letter to Defendants' counsel which inquired of Defendants' counsel when supplemental responses to the Requests for Admission and Interrogatories would be provided.

On February 3, 2014, Defendants' counsel served on Plaintiff's counsel Supplemental Responses to the Requests for Admission and Interrogatories.

On March 4, 2014, the Court received the Joint Statement.

In accordance with Federal Rules of Civil Procedure 33(b)(2) and 36(a)(3), Ashford and Bridgepoint each had until September 4, 2013, to provide their responses to Plaintiffs discovery requests. When they did not respond on time, the 30-day clock to resolve those disputes began to run. Ashford's untimely responses 30 days later on October 9, 2013, did not reset the clock, but even assuming that it did, Plaintiff had until November 12, 2013, to bring the matter to the Court's attention. Defendant's Supplemental Responses served on February 3, 2014 also did not reset the clock as Plaintiff contends. To follow Plaintiff's logic, the 30-day clock would never begin to run as long as the opposing party continued to amend or supplement earlier responses. The filing by the parties of their Joint Motion For Extension on November 8, 2013, by itself, was insufficient to toll the clock.

It appears to the Court that the Response to Interrogatory No. 7 is the only interrogatory at issue in the

1  Joint Statement. The Response to Interrogatory No. 7 was
2  served on October 9, 2013. The response was never changed
3  or supplemented. Any motion to compel a supplemental
4  response to Interrogatory No. 7 was due on November 12,
5  2013[4]. Since the Joint Statement was not received by the
6  Court until March 4, 2014, the motion to compel further
7  response to Interrogatory No. 7 is untimely. Therefore,
8  the motion to compel further response to Interrogatory No.
9  7 is DENIED. Defendants need not provide a supplemental
10 response to Interrogatory No. 7.

Requests For Production of Documents

On November 22, 2013, Plaintiff served on Ashford and Bridgepoint Requests for Production of Documents.

On December 23, 2013, Ashford and Bridgepoint served on Plaintiff their Responses to the Requests for Production of Documents.

On January 23, 2014, Plaintiff's counsel sent a meet and confer letter[5] to Defendants' counsel regarding his perceived deficiencies in Defendants' Responses to the Requests for Production of Documents

On January 27, 2014, Defendants' counsel responded to Plaintiff's counsel's meet and confer letter regarding their Responses to Requests for Production of Documents. Defendants' counsel maintained Defendants' objections to Requests for Production of Documents Nos. 11 and 16.

---

[4] The actual date a motion to compel a supplemental response to Interrogatory No. 7 was due was November 10, 2013, a Sunday. See fn. 2.

[5] See fn. 3

On February 3, 2014, counsel attended an in-person meet and confer conference regarding Defendants' Responses to the Requests for Production of Documents. At the conference, Defendants' counsel maintained Defendants' objections to Requests for Production of Documents Nos. 11 and 16.

On March 4, 2014, the Court received the Joint Statement.

It appears to the Court that the Responses to Requests for Production of Documents Nos. 11 and 16 are at issue. The Response to Requests for Production of Documents Nos. 11 and 16 was served on December 23, 2013. Any joint statement containing a motion to compel further responses to Requests for Production of Documents Nos. 11 and 16 was due on January 23, 2014. Since the Joint Statement was received by the Court on March 4, 2014, the motion to compel further responses to Requests for Production of Documents Nos. 11 and 16 is untimely. Therefore, the motion to compel further responses to Requests for Production of Documents Nos. 11 and 16 is DENIED. Defendants need not provide supplemental responses to Requests for Production of Documents Nos. 11 and 16.

Conclusion

This is not a close call. Plaintiff clearly knew the rules that discovery disputes must be brought to the Court's attention in a timely manner and no later than 30 days from the time the dispute arose. The parties were advised of this in the Court's Order of November 12, 2013.

The clock does not reset simply because Plaintiff allowed Defendants to serve untimely responses. At this time, with two weeks left before fact discovery is to conclude on March 31, 2014, the parties brought to the Court's attention discovery disputes that arose in October and December 2013.

In the Case Management Conference Order, the parties were ordered that all discovery was to be initiated so that it was completed by the set deadline. To allow the requested discovery would require an extension of time for fact discovery to be completed, which in turn, would require extending the date by which the critical Motion for Class Certification must be filed.[6] At this time, the Court is unwilling to extend any dates set in the Case Management Conference Order.

In <u>Wong v. Regents of the University of California</u>, 410 F.3d 1052, 1060, 1062 (9th Cir. 2005), the court stated:

> In these days of heavy caseloads, trial courts... routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusion of evidence...
> If (Plaintiff) had been permitted to disregard the deadline..., the rest of the schedule laid out by the court months in advance, and understood by the parties, would have to have been

---

[6] The Case Management Conference Order set April 30, 2014 as the date by which the Motion for Class Certification must be filed.

> altered as well. *Disruption to the schedule of the court and other parties is not harmless. Courts set such schedules to permit the court and the parties to deal with cases in a thorough and orderly manner, and they must be allowed to enforce them, unless there are good reasons not to.* (emphasis added).

See also <u>02 Micro Intern Ltd. v. Monolithic Power Systems, Inc.</u>, 467 F.3d 1355, 1368-1369 (9th Cir. 2006).

Neither party, but particularly Plaintiff, has explained, let alone justified, the extraordinary delay in bringing these disputes to the Court's attention. Without good cause having been demonstrated, there is no reason to grant the parties' requests.

IT IS SO ORDERED.

DATED: March 18, 2014

_____
Hon. William V. Gallo
U.S. Magistrate Judge

8

11cv0069