1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9                  SOUTHERN DISTRICT OF CALIFORNIA

10

11   BETTY GUZMAN, et al.,          )  Civil No.11-0069-WQH(WVG)
                                    )
12                    Plaintiffs,   )  ORDER DENYING PLAINTIFF'S
                                    )  APPLICATION TO COMPEL
13   v.                             )  DEPOSITION OF PERSON MOST
                                    )  KNOWLEDGEABLE
14   BRIDGEPOINT EDUCATION,         )
     INC., et al.,                  )
15                    Defendants.   )
     ───────────────────────────────)
16

17        On April 23, 2014, counsel submitted to the Court a

18   Joint Statement For Determination of discovery Dispute

19   ("Joint Statement"). In the Joint Statement, Plaintiff

20   seeks to compel Defendants to produce for deposition the

21   person most knowledgeable on a number of topics. Defen-

22   dants oppose Plaintiff's Application.

23                                I

24                            BACKGROUND

25        On November 22, 2013, Plaintiff served on Defendants

26   a Request for Production of Documents. Defendants agreed

27   to produce to Plaintiff documents responsive to the

28   Requests for Production of Documents. On February 24,

2014, Defendants produced responsive documents to Plaintiff. Subsequently, Defendants produced more documents to Plaintiff in three separate productions. The last production of documents occurred on March 12, 2014.

On March 19, 2014, Plaintiff served on Defendants a Deposition Notice pursuant to Fed. R. Civ. P. 30(b)(6) ("March 19, 2014 Deposition Notice" or "Deposition Notice") for a deposition to be taken on March 28, 2014.[1] On March 24, 2014, Defendants served on Plaintiff their objections to the March 19, 2014 Deposition Notice. Defendants objected that the testimony sought by the Deposition Notice was irrelevant to any issues pertaining to class certification. Further, Defendant objected that the notice provided was unreasonable in light of the scope of the deposition topics listed in the Deposition Notice, since Plaintiff had never requested documents from Defendants regarding the deposition topics listed in the Deposition Notice. Defendants contend that the Deposition Notice was a request for production of documents that failed to comply with the 30-day notice requirement required by Fed. R. Civ. P. 34.

II

APPLICABLE LAW

Fed R. Civ. P. 30(b) states in pertinent part:

---

[1] On March 13, 2014, Plaintiff also served on Defendants another Deposition Notice pursuant to Fed. R. Civ. P. 30(b)(6) ("March 13, 2014 Deposition Notice"). The March 13, 2014 Deposition Notice is not at issue in this discovery dispute and was not provided to the Court.

11cv0069

(1) A party who wants to depose a person by oral questions must give *reasonable notice* to every other party (of the deposition)...
(2) ... The notice to a party deponent may be accompanied by a request (for production of documents) *under Rule 34* to produce documents... at a deposition...
(6) In its notice..., a party may name as the deponent a private... corporation..., and must describe with reasonable particularity the matters for examination...
(emphasis added).

Fed. R. Civ. P. 34(b)(2) states in pertinent part: "The party to whom the request (for production of documents) is directed must respond... within 30 days after being served."

III

DISCUSSION

A. <u>Relevance</u>

Plaintiff argues that the topics listed in the March 19, 2014 Deposition Notice are relevant to class certification issues. Defendants argue that the topics are not relevant to any issue of class certification.

The Court finds that the information requested in the Deposition Notice is relevant to whether there are questions of law or fact common to the proposed class. The information is relevant to show what representations were made to Defendants' students, if any, prior to their enrollment in Defendants' school, and the basis of any such representations. Defendants' arguments to the contrary are not well taken. That information may be, or may not be, relevant is not a ground for refusing to appear at, and give testimony at, a properly noticed deposition.

3

1  RTC v. Dabney, 73 F.3d 262, 266 (10th Cir. 1995), In re

2  Uehling, 2013 WL 3283212 at *9 (E.D. Cal. 2013).

3       B. Reasonable Notice

4       Fed. R. Civ. P. 30(b)(1) requires that a party

5  seeking a deposition give "reasonable notice" of the

6  deposition. Courts construe "reasonable notice" to be five

7  days, if the deposition notice does not require production

8  of documents at the deposition. Millennium Labs, Inc. v.

9  Allied World Assur. Co., 2014 WL 197744 at *2, n. 1 (S.D.

10 Cal. 2014), Pac. Mar. Freight, Inc. v. Foster, 2013 WL

11 6118410 at *2, n. 2 (S.D. Cal. 2013). However, when the

12 deposition notice requires production of documents at the

13 deposition, Rule 30(b)(2) dictates that "reasonable

14 notice" is provided as stated in Rule 34. Rule 34(b)(2)

15 states that the party to whom a request for production of

16 documents is directed must respond within 30 days after

17 service of the request. Ghosh v. Cal. Dept. of Health

18 Services, 50 F.3d 14 (9th Cir. 1995).

19      Here, Plaintiff's Deposition Notice was served on

20 March 19, 2014 for a deposition to be taken on March 28,

21 2014. The time between March 19, 2014 and March 28, 2014

22 is nine days. Therefore, Plaintiff's Deposition Notice, to

23 the extent it did not request production of documents at

24 the deposition, was timely and reasonable.

25      Plaintiff argues that her Deposition Notice provides

26 "reasonable notice" to Defendants of the deposition, that

27 the Deposition Notice does not request production of

28 documents at the deposition, and that she was justified in

serving the Deposition Notice on March 19, 2014 because she received the last set of Defendants' production of documents on March 12, 2014.

Defendants argue that since Plaintiff had not previously requested the production of documents regarding many, if not all, of the topics[2] listed in the Deposition Notice, the Deposition Notice was an untimely and veiled attempt to circumvent the requirements of Rule 34(b)(2). Therefore, the Deposition Notice did not provide the "reasonable notice" required by Rule 30(b)(1) since only nine, and not 30 days, notice was provided. Further, Defendants argue that even though they produced their last set of documents to Plaintiff on March 12, 2014, Plaintiff knew, or should have known, that she needed documents and testimony regarding the topics listed in the Deposition Notice long before March 19, 2014.

The Court agrees with Defendants. Plaintiff does not dispute that she did not previously seek from Defendant documents regarding the topics listed in the Deposition Notice. Moreover, Plaintiff acknowledges that if a depo-nent must produce documents at the deposition, then "the notice must comply with the thirty-day notice under Rule 34." (Joint Statement at 4, ll. 13-14). Defendants also explain the time and effort necessary in preparing their witness for this deposition. (Joint Statement at 9, ll.

---

[2] The Deposition Notice seeks testimony regarding Defendants' reports and studies comparing and contrasting students at for-profit schools with students at non-profit schools regarding tuition fees, job placement, student debt, student default rates, the dates of such reports and studies, and their findings and conclusions.

11cv0069

22-26). Therefore, it is difficult, if not impossible, to see how a person designated by Defendants to testify about the topics would be able to truthfully and accurately do so without having at the deposition the documents that pertain to the topics listed in the Deposition Notice.

The Court determines that the Deposition Notice is a thinly veiled attempt to evade the 30 day response requirement for production of documents at a deposition, as required by Fed. R. Civ. P. 34(b)(2). Consequently, Plaintiff failed to give "reasonable notice" of the deposition and failed to comply with Rule 30(b)(1) and (2) and 34(b)(2). Moreover, the discovery cut-off deadline expired on March 31, 2014 and Plaintiff's Motion for Class Certification is due on April 30, 2014. Even if Plaintiff's Deposition Notice gave "reasonable notice" of the deposition, which it did not, Plaintiff would have been unable to take the deposition before the expiration of discovery on March 31, 2014.

One final point to mention is the lack of urgency demonstrated by the parties, especially Plaintiff. While the parties complied with the Court's Local and Chambers rules to meet and confer to resolve their dispute and failing that, to file their Joint statement within 30 days, the parties lost sight of the now-past discovery deadline and the looming deadline to file the Motion for Class Certification. Realizing that these two deadlines were rapidly approaching when the dispute arose, the Court would have expected the parties, especially Plaintiff, to

11cv0069

1    react with far more alacrity than what was displayed here.

2    Choosing instead to file the Joint Statement right at the

3    very deadline of the 30-day window, the parties, espe-

4    cially Plaintiff, now must face the consequence of their

5    dilatory actions.

6         In *Wong v. Regents of the University of California*,

7    410 F.3d 1052, 1060, 1062 (9th Cir. 2005), the court

8    stated:

9             In these days of heavy caseloads, trial
             courts... routinely set schedules and estab-
10            lish deadlines to foster the efficient treat-
             ment and resolution of cases. Those efforts
11            will be successful only if the deadlines are
             taken seriously by the parties, and the best
12            way to encourage that is to enforce the dead-
             lines. Parties must understand that they will
13            pay a price for failure to comply strictly
             with scheduling and other orders, and that
14            failure to do so may properly support severe
             sanctions and exclusion of evidence...
15            If (Plaintiff) had been permitted to disregard
             the deadline..., the rest of the schedule laid
16            out by the court months in advance, and under-
             stood by the parties, would have to have been
17            altered as well. *Disruption to the schedule of
             the court and other parties is not harmless.*
18            Courts set such schedules to permit the court
             and the parties to deal with cases in a thor-
19            ough and orderly manner, and they must be
             allowed to enforce them, unless there are good
20            reasons not to. (emphasis added).

21    See *also* *02 Micro Intern Ltd. v. Monolithic Power*

22    *Systems,Inc.*, 467 F.3d 1355, 1368-1369 (9th Cir. 2006).

23         Plaintiff's Application To Compel The Deposition

24

25

26

27

28

7

1  Noticed On March 19, 2014 is DENIED.

2  IT IS SO ORDERED.

3

4  DATED:  April 28, 2014

5

6  _____

7  Hon. William V. Gallo
   U.S. Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

11cv0069