1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| BETTY GUZMAN, on behalf of herself and all others similarly situated,<br><br>                                    Plaintiff,<br><br>    v.<br><br>BRIDGEPOINT EDUCATION, INC., *et al.*,<br><br>                                    Defendants. | Case No. 11-cv-69-BAS(WVG)<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO SET ASIDE MAGISTRATE JUDGE'S MARCH 18, 2014 ORDER**<br><br>**[ECF No. 70]** |

On January 12, 2011, Plaintiff Betty Guzman commenced this putative class action against Defendants Bridgepoint Education, Inc. ("Bridgepoint"), Ashford University ("Ashford"), and University of the Rockies, asserting claims for violations of California's Unfair Trade Practices Act, False Advertising Act, and Consumer Legal Remedies Act, among others.[1] These claims arise from the allegations that Defendants disseminated false and misleading information regarding, among other things, the true costs of attendance, the transferability of credits, the quality of the education, and the

---

[1] When Plaintiff filed her Second Amended Complaint ("SAC") on August 8, 2012, which is currently the operative complaint, University of the Rockies was not included as a defendant. The Court will refer to the remaining defendants, Bridgepoint and Ashford, collectively as "Defendants" for the purposes of this order.

prospects of post-graduation employment.  Plaintiff now moves for this Court to set aside the magistrate judge's March 18, 2014 order.  Defendants oppose.

The Court finds this motion suitable for determination on the papers submitted and without oral argument.  *See* Civ. L.R. 7.1(d.1).  For the following reasons, the Court **DENIES** Plaintiff's motion.

## I.    RELEVANT BACKGROUND

On September 23, 2013, United States Magistrate Judge William V. Gallo issued an order regulating discovery that was expressly limited to class-certification issues only. (CMC Order 1:19–23.)  March 31, 2014 was the deadline for completion of all class-certification-related discovery. (*Id.* at 2:17–19.)  The court defined "completed" to mean that "all discovery under Rules 30-36 of the Federal Rules of Civil Procedure must be initiated a sufficient period of time in advance of the cut-off date, so that it may be completed by the cut-off date, taking into account the times for services, notice, and response as set forth in the Federal Rules of Civil Procedure." (*Id.* at 2:20–23 (emphasis in original).)  The court added that "[a]ll disputes concerning discovery shall be brought to the attention of the Magistrate Judge no later than thirty (30) days following the date upon which the event giving rise to the discovery dispute occurred." (*Id.* at 2:23–25.)  Judge Gallo's Chambers Rules state that "[f]or written discovery, the event giving rise to the discovery dispute is the date of service of the response." (Pl.'s Mot. Ex. 25.)

### A.    Plaintiff's First Set of Interrogatories

On August 5, 2013, Plaintiff served Defendants with her First Set of Interrogatories.  Thereafter, the parties agreed to extend the deadline for Defendants to respond by 30 days to October 9, 2013.  Defendants served responses to the interrogatories on October 9, 2013.  In their response, Defendants objected to Interrogatory No. 7 on several grounds.

On October 29, 2013, Plaintiff sent a meet-and-confer letter addressing certain perceived deficiencies in the responses. (Pl.'s Mot. Ex. 6.) In the letter, Plaintiff requested that Defendants cure the identified deficiencies by November 1, 2013, and sought to schedule an in-person meet-and-confer conference during the week of November 4, 2013. (*Id.*)

"Mindful of the magistrate judge's 30-day deadline to raise discovery disputes, and out of an abundance of caution, [Plaintiff] sought and obtained Defendants' consent to make a joint motion for extension of time to file a joint statement for determination of discovery disputes," which the parties subsequently filed on November 8, 2013. (Kolesnikov Decl. ¶ 12.) To justify the extension, the parties stated in their joint motion that "following a mutual extension of time to respond [to the discovery requests]," the parties "ha[d] been working diligently to resolve the above-mentioned disputes," "ha[d] exchanged meet-and-confer letters regarding the disputes," and "[were] reviewing the respective letters regarding the disputes and have discussed meeting in person very soon in an attempt to resolve the disputes[.]" (ECF No. 64.)

On November 12, 2013, the magistrate judge denied the parties' joint motion for an extension of time. (ECF No. 65.) That order stated the following:

> Counsel waited until the date a Joint Statement of Discovery Disputes was due to file the Joint Motion and have not yet met and conferred in person regarding the discovery disputes.
>
> Counsel have essentially treated the granting of the Joint Motion as a forgone conclusion, the Court's approval being a mere formality in the process. **However, the Court is not a mere rubber stamp,** and the Court would be justified in denying the Joint Motion because it was received on the date the Joint Statement was due.

(*Id.* (emphasis in original).)

On November 15, 2013, Defendants responded to Plaintiff's meet-and-confer letter. (Pl.'s Mot. Ex. 8.) The parties subsequently agreed to continue to meet and confer in order to resolve their disagreements. (Young Decl. ¶ 4.) On November 22,

2013, counsel for the parties met in person to discuss the issues raised in the October 29, 2013 letter.  (*Id.* ¶ 5; Kolesnikov Decl. ¶ 17.)  During the conference, the parties agreed to review certain responses and determine whether supplementing the responses was necessary.  (Young Decl. ¶ 5; Kolesnikov Decl. ¶ 17.)

Defendants served supplemental responses to Plaintiff's interrogatories on February 3, 2014.  (Pl.'s Mot. Es. 20–23.)  However, Defendants maintain that they "did *not* supplement their response to Interrogatory No. 7."  (Defs.' Opp'n 3:15–17.)  Interrogatory No. 7 requests that Defendants "[i]dentify all enrollment advisors at BRIDGEPOINT or ASHFORD who were disciplined, demoted, or otherwise received negative performance reviews during the Relevant Period because of the number of students they enrolled."  (Pl.'s Mot. Ex. 2.)

## B.    Plaintiff's First Set of Requests for Production

On November 22, 2013, Plaintiff served Defendants with her First Set of Requests for Production ("RFPs").  On December 23, 2013, Defendants served responses to the RFPs.  Defendants objected to RFP No. 11 and RFP No. 16.  (Pl.'s Mot. Exs. 14–15.)  RFP No. 11 requests "[a]ll DOCUMENTS CONCERNING the discipline, demotion, or termination of any of BRIDGEPOINT's enrollment advisors during the RELEVANT PERIOD, including, but not limited to, the names of those individuals, the dates when they were disciplined, demoted, or terminated, and the reasons for the discipline, demotion, or termination"; RFP No. 16 requests "[a]ll DOCUMENTS CONCERNING all complaints from students and graduates during the RELEVANT PERIOD received by BRIDGEPOINT."  (Pl.'s Mot. Ex. 12.)

On January 23, 2014, Plaintiff sent a meet-and-confer letter to Defendants requesting that Defendants cure certain perceived deficiencies in Defendants' responses.  (Pl.'s Mot. Ex. 18.)  Plaintiff also sought to schedule an in-person meet-and-confer conference for February 3, 2014.  (Kolesnikov Decl. ¶ 25.)

//

On January 27, 2014, Defendants responded to Plaintiff's letter, and maintained their objections as previously stated. (Pl.'s Mot. Ex. 19.) At Plaintiff's request, the parties met and conferred in person on February 3, 2014, where Defendants reiterated their objections. (Young Decl. ¶¶ 8–9.) Defendants initially produced documents in response to Plaintiff's RFPs on February 24, 2014. (*Id.* ¶ 11.)

Despite the meet-and-confer efforts, the parties were unable to resolve the discovery disputes without court intervention. As a result, Plaintiff submitted to the magistrate judge a Joint Statement for Determination of Discovery Disputes,[2] specifically requesting an order compelling further responses to Interrogatory No. 7 and RFP Nos. 11 and 16. (Pl.'s Mot. Ex. 24.)

Plaintiff also preemptively addressed the timeliness of the Joint Statement in the Joint Statement, providing two reasons under Judge Gallo's Chambers Rules. (Pl.'s Mot. Ex. 24.) The entirety of that explanation is as follows:

> Ms. Guzman believes that the current Joint Statement is timely under the Chambers Rules for two reasons. First, this Joint Statement concerns deficiencies in Defendants' *supplemental* responses to Interrogatories, which were served on **February 3, 2014**. Second, Ms. Guzman has at all times proceeded diligently with attempting to conduct a thorough meet-and-confer *before* filing any motion to compel. To that effect, Ms. Guzman sent Defendants an eleven-page meet-and-confer letter on October 29, 2013, which is *within 30 days* of Ashford's service of its initial discovery responses. However, only on November 15, 2013 did Defendants respond to that letter. Counsel promptly met and conferred in person on November 22, 2013. Thereafter, it took Defendants *another two months* to serve supplemental responses. Nonetheless, the meet-and-confer process was able to narrow the disagreement between the parties to only three discovery responses discussed in this Joint Statement. Accordingly, Ms. Guzman urges the Court to reach the merits of the underlying discovery disputes.

(*Id.* (footnotes and citations omitted) (emphases in original).) Defendants disputed Plaintiff's position that the need for an extension of time was a product of Defendants' delay:

---

[2] The Joint Statement includes Plaintiff's request to compel discovery. Consequently, the parties also refer to the Joint Statement as a motion to compel. For the purposes of this order, the two terms will be used interchangeably.

Defendants served interrogatory responses on October 9, 2013. Nearly three weeks later, on October 29, Plaintiff set a meet and confer letter. Then, on the afternoon of November 8—the very day this Court's 30-day discovery dispute deadline was set to expire, Plaintiff hurriedly asked Defendants to agree to an extension of time to submit a discovery dispute to this Court and consent to a joint motion being filed, which, as a courtesy, Defendants did.

(*Id.* (footnote omitted.)) Defendants also argued that Plaintiff's request was untimely because their responses to Interrogatory No. 7 and RFP Nos. 11 and 16 have remained unchanged since they were originally served, respectively, on October 9, 2013, and December 23, 2013: they contend that their February 3, 2014 supplemental responses did not supplement their response to Interrogatory No. 7, and their January 27, 2014 letter did not clarify their response to RFP Nos. 11 and 16. (*Id.*)

## C.   Magistrate Judge's March 18, 2014 Order

On March 18, 2014, the magistrate judge denied Plaintiff's motion to compel as untimely. (ECF No. 69.) With respect to Interrogatory No. 7, the magistrate judge explained:

In accordance with Federal Rules of Civil Procedure 33(b)(2) and 36(a)(3), Ashford and Bridgepoint each had until September 4, 2013, to provide their responses to Plaintiffs discovery requests. When they did not respond on time, the 30-day clock to resolve those disputes began to run. Ashford's untimely responses 30 days later on October 9, 2013, did not reset the clock, but even assuming that it did, Plaintiff had until November 12, 2013, to bring the matter to the Court's attention. Defendant's Supplemental Responses served on February 3, 2014 also did not reset the clock as Plaintiff contends. To follow Plaintiff's logic, the 30-day clock would never begin to run as long as the opposing party continued to amend or supplement earlier responses. The filing by the parties of their Joint Motion For Extension on November 8, 2013, by itself, was insufficient to toll the clock.

It appears to the Court that the Response to Interrogatory No. 7 is the only interrogatory at issue in the Joint Statement. The Response to Interrogatory No. 7 was served on October 9, 2013. The response was never changed or supplemented. Any motion to compel a supplemental response to Interrogatory No. 7 was due on November 12, 2013. Since the Joint Statement was not received by the Court until March 4, 2014, the motion to compel further response to Interrogatory No. 7 is untimely.

(March 18, 2014 Order 4:11–5:10 (footnote omitted).)  Addressing RFP Nos. 11 and 16, the magistrate judge explained:

> It appears to the Court that the Responses to Requests for Production of Documents Nos. 11 and 16 are at issue.  The Response to Requests for Production of Documents Nos. 11 and 16 was served on December 23, 2013.   Any joint statement containing a motion to compel further responses to Requests for Production of Documents Nos. 11 and 16 was due on January 23, 2014.  Since the Joint Statement was received by the Court on March 4, 2014, the motion to compel further responses to Requests for Production of Documents Nos. 11 and 16 is untimely.

(*Id.* at 6:9–22.)  The magistrate judge's order ended by stating that "[n]either party, but particularly Plaintiff, has explained, let alone justified, the extraordinary delay in bringing these disputes to the Court's attention.  Without good cause having been demonstrated, there is no reason to grant the parties' requests."  (*Id.* at 8:7–11.)

Thereafter, Plaintiff filed this motion to set aside the magistrate judge's March 18, 2014 order under Rule 72(a).  Defendants oppose.

## II.   STANDARD OF REVIEW

A party may object to a non-dispositive pretrial order of a magistrate judge within fourteen days after service of the order.  *See* Fed. R. Civ. P. 72(a).  The magistrate judge's order will be upheld unless it is "clearly erroneous or contrary to law."  *Id.*; 28 U.S.C. § 636(b)(1)(A).  The "clearly erroneous" standard applies to factual findings and discretionary decisions made in connection with non-dispositive pretrial discovery matters.  *F.D.I.C. v. Fid. & Deposit Co. of Md.*, 196 F.R.D. 375, 378 (S.D. Cal. 2000); *Joiner v. Hercules, Inc.*, 169 F.R.D. 695, 697 (S.D. Ga. 1996) (reviewing magistrate judge's order addressing attorney-client issues in discovery for clear error).  Review under this standard is "significantly deferential, requiring a definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Tr. of S. Cal.*, 508 U.S. 602, 623 (1993) (internal quotation marks omitted).

//

On the other hand, the "contrary to law" standard permits independent review of purely legal determinations by a magistrate judge.  *See, e.g.*, *Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3d Cir. 1992) ("the phrase 'contrary to law' indicates plenary review as to matters of law."); *Gandee v. Glaser*, 785 F. Supp. 684, 686 (S.D. Ohio 1992), *aff'd*, 19 F.3d 1432 (6th Cir. 1994); 12 Charles A. Wright, et al., *Federal Practice and Procedure* § 3069 (2d ed., 2010 update).  "Thus, [the district court] must exercise its independent judgment with respect to a magistrate judge's legal conclusions." *Gandee*, 785 F. Supp. at 686.  "A decision is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *United States v. Cathcart*, No. C 07-4762 PJH, 2009 WL 1764642, at *2 (N.D. Cal. June 18, 2009).

## III.  DISCUSSION

Plaintiff presents three arguments is support of her position that the magistrate judge's March 18, 2014 order is clearly erroneous and contrary to law: (1) the motion to compel was timely because Plaintiff brought the discovery disputes to the magistrate judge's attention within 30 days after exhausting the meet-and-confer process; (2) Plaintiff demonstrated good cause to extend her deadline to file the motion to compel; and (3) the magistrate judge's order conflicts with *Foman*'s policy of favoring decisions on the merits.  The Court will address each argument below.

### A.    Timeliness of Plaintiff's Motion to Compel

In arguing that her motion to compel was timely, Plaintiff disagrees with the magistrate judge's findings as to when the 30-day discovery dispute clock commenced.  Plaintiff argues that the November 12, 2013 deadline for any motion to compel a supplemental response to Interrogatory No. 7 and the January 23, 2014 deadline for any motion to compel further responses to RFP Nos. 11 and 16 are incorrect, and the correct deadline is March 4, 2014, 30 days after February 3, 2014 "when the parties' meet-and-confer efforts reached an impasse."  (Pl.'s Mot. 12:14–19.)

1    Judge Gallo's Chambers Rules and the September 23, 2013 Case Management
2    Conference ("CMC") Order explicitly require "[a]ll disputes concerning discovery [to]
3    be brought to the attention of the Magistrate Judge no later than thirty (30) days
4    following the date upon which the event giving rise to the discovery dispute occurred."
5    (CMC Order 2:23–25; *see also* Pl.'s Mot. Ex. 25.)   Judge Gallo's Chambers Rules
6    clearly define "the event giving rise to the discovery dispute" for written discovery as
7    "the date of the service of the response." (Pl.'s Mot. Ex. 25.)   The rules do not define
8    the event giving rise to the discovery dispute as when the parties' meet-and-confer
9    efforts reach an impasse. (*See id.*)

10   Defendants served their response to the interrogatories on October 9, 2013, and
11   they served their responses to the RFPs on December 23, 2013.   As the magistrate
12   judge noted, only Defendants' initial responses addressed Interrogatory No. 7 and RFP
13   Nos. 11 and 16; Defendants' following responses did not alter the nature of their
14   objection or the dispute at all from their initial responses.   Consequently, the date when
15   the parties' meet-and-confer efforts reached an impasse is not relevant to the magistrate
16   judge's calculation of the due dates based on the language of Judge Gallo's Chambers
17   Rules.[3]   Applying the aforementioned rules as they are written to the circumstances of
18   this case, Plaintiff's deadline to file a Joint Statement for the interrogatories was
19   November 12, 2013[4] and for the RFPs was January 23, 2014,which the parties failed
20   to meet.

21   The Court cannot conclude that the magistrate judge made any mistake in
22   calculating the applicable deadlines. *See Concrete Pipe*, 508 U.S. at 623.   The Court
23   also cannot identify any failure or misapplication of relevant statutes, case law, or rules
24   of procedure by the magistrate judge. *See Cathcart*, 2009 WL 1764642, at *2.   In fact,

25   _____

26       [3] Insofar as Plaintiff argues that Judge Gallo's Chambers Rules are invalid—namely, that there
     is a meet-and-confer policy that somehow overrides Judge Gallo's Chambers Rules—Plaintiff fails
27   to demonstrate that that issue is proper for this Court to consider at this time under Rule 72(a).

28       [4] The magistrate judge noted that November 12, 2013 is the first business day after Veteran's
     Day, a federal court holiday. (March 18, 2014 Order 2:18–24 n.2.)

1    the magistrate judge followed the applicable rules to a tee.  Therefore, the magistrate
2    judge's calculations of the applicable deadlines and his finding that the Joint Statement
3    was untimely are neither clearly erroneous nor contrary to law.  *See* Fed. R. Civ. P.
4    72(a); 28 U.S.C. § 636(b)(1)(A).

5

6              **B.    Good Cause for an Extension of Time**

7         Plaintiff also argues that good cause existed to extend the deadlines for
8    completing discovery and moving for class certification.  The magistrate judge
9    unilaterally considered that "allow[ing] [Plaintiff's] requested discovery would require
10   an extension of time for fact discovery to be completed, which in turn, would require
11   extending the date by which the critical Motion for Class Certification must be filed."
12   (March 18, 2014 Order 7:7–15.)  The court continued, stating that it was "unwilling to
13   extend any dates set in the Case Management Conference Order."  (*Id.*)

14        Upon reviewing the Joint Statement, the Court is unable to identify a formal
15   request to extend the deadlines for completing discovery and moving for class
16   certification. (*See* Pl.'s Mot. Ex. 24.)  Rather, Plaintiff presented two reasons why she
17   believed that the Joint Statement was timely: "First, this Joint Statement concerns
18   deficiencies in Defendants' *supplemental* responses to Interrogatories, which were
19   served on **February 3, 2014**"; and "[s]econd, Ms. Guzman has at all times proceeded
20   diligently with attempting to conduct a thorough meet-and-confer *before* filing any
21   motion to compel." (*Id.*)  After presenting her two reasons, Plaintiff "urge[d] the Court
22   to reach the merits of the underlying discovery disputes." (*Id.*)  Neither party requested
23   an extension of the deadlines for completing discovery and moving for class
24   certification. (*See id.*)  Thus, this ground for setting aside the March 18, 2014 order is
25   likely outside the scope of this motion.

26        However, even if this Court considers the merits of whether Plaintiff established
27   good cause, the Court nonetheless concludes that Plaintiff failed to establish good
28   cause for an extension of time.  Foremost, given that the parties did not formally make

1  such request for an extension of time, it is difficult to understand how they—but

2  especially Plaintiff—could have justified such a request with good cause.

3        Even if the Court considers Plaintiff's apparent argument that her diligence

4  justified finding good cause to extend the deadline for completing discovery and

5  moving for class certification, her explanation still does not address the magistrate

6  judge's finding, which this Court agrees with, that the initial response to Interrogatory

7  No. 7 was never changed or supplemented.  Similarly, Plaintiff also fails to address the

8  fact that Defendants' response to RFP Nos. 11 and 16 also remained unchanged since

9  the original response.  It is an important fact that Defendants' responses remained

10 unchanged throughout the discovery process, particularly in light of Judge Gallo's

11 Chambers Rules that defines "the event giving rise to the discovery dispute" for written

12 discovery as "the date of the service of the response." (Pl.'s Mot. Ex. 25.) Defendants'

13 initial responses that remained unchanged are the "events" that gave rise to the

14 discovery disputes.

15       Lastly, to determine whether the magistrate judge acted properly in not extending

16 the discovery and class-certification-motion deadlines, this Court must consider only

17 what the parties presented to the magistrate judge at the time the request was made.

18 With respect to diligence, the following is the entirety of Plaintiff's explanation from

19 the Joint Statement:

20        Ms. Guzman has at all times proceeded diligently with
          attempting to conduct a thorough meet-and-confer *before*
21        filing any motion to compel.  To that effect, Ms. Guzman
          sent Defendants an eleven-page meet-and-confer letter on
22        October 29, 2013, which is *within 30 days* of Ashford's
          service of its initial discovery responses.  However, only on
23        November 15, 2013 did Defendants respond to that letter.
          Counsel promptly met and conferred in person on November
24        22, 2013.  Thereafter, it took Defendants *another two months*
          to serve supplemental responses.  Nonetheless, the meet-and-
25        confer process was able to narrow the disagreement between
          the parties to only three discovery disputes.  Accordingly,
26        Ms. Guzman urges the Court to reach the merits of the
          underlying discovery disputes.

27 (Pl.'s Mot. Ex. 24 (emphases in original) (footnote omitted).)

28 //

In response, Defendants challenged Plaintiff's contention that she proceeded diligently.  Defendants emphasized that Plaintiff did not send their meet-and-confer letter until nearly three weeks after they served their interrogatory responses.  (Pl.'s Mot. Ex. 24.)  Furthermore, on November 8, 2013—the day the magistrate judge's 30-day discovery-dispute deadline was set to expire—"Plaintiff hurriedly asked Defendants to agree to an extension of time to submit a discovery dispute . . . and consent to a joint motion being filed, which, as a courtesy, Defendants did."  (*Id.*)  Defendants further emphasized to the magistrate judge that their supplemental response to the interrogatories and clarification letter addressing the RFPs did not alter in any way the objections regarding Interrogatory No. 7 and RFP Nos. 11 and 16.

From these facts, this Court agrees with the magistrate judge that "[n]either party, but particularly Plaintiff, has explained, let alone justified, the extraordinary delay in bringing these disputes to the Court's attention."  (*See* March 18, 2014 Order 8:7–11.)  It is evident that there were delays in the parties' responses, but no explanation of what prompted those delays was presented to the magistrate judge. Merely claiming "diligence" to justify or explain delays is inadequate.  To the contrary, the reasonable presumption is that parties proceeding diligently would respond quickly and file their requests with the court in a timely manner.  Plaintiff attempts to argue circumstances now that were not presented to the magistrate judge, such as the "year-end holidays" and "counsel's prearranged travel plans," but those additional facts are outside the scope of this review precisely because these newly presented circumstances were not presented to the magistrate judge.  Courts are not omniscient.  They can only assess the circumstances based on what the parties present.  The parties here, particularly Plaintiff, failed to explain their delays and support their request for an extension of time with good cause.

//

//

//

In sum, the Court finds that a challenge to the magistrate judge's refusal to extend deadlines for completing discovery and moving for class certification are not proper for consideration here.  But alternatively, the Court nonetheless finds that any request for an extension of the relevant deadlines, insofar as they were properly made, were not supported by good cause.  Therefore, the magistrate judge's refusal to extend the relevant deadlines was neither clearly erroneous nor contrary to law.  *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## C.   Applicability of *Foman*

Finally, Plaintiff argues that the magistrate judge's March 18, 2014 order conflicts with the policy in *Foman v. Davis*, 371 U.S. 178 (1962), favoring decisions on the merits.  In *Foman*, the Supreme Court stated that

> It is too late in the day entirely contrary to the spirit of the Federal Rules of Civil Procedure for decisions on the merits to be avoided on the basis of such mere technicalities.  "The Federal Rules reject the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." The Rules themselves provide that they are to be construed "to secure the just, speedy, and inexpensive determination of every action."

*Foman*, 371 U.S. at 181-82 (quoting Fed. R. Civ. P. 1; *Conley v. Gibson*, 355 U.S. 41, 48 (1957)).  However, that was in the context of the First Circuit holding that a defect in a notice of appeal rendered it ineffective to review the district court's judgment dismissing the complaint.  *Id.* at 180.  The defect in the notice of appeal was that it "failed to specify that the appeal was being taken from that judgment as well from the orders denying the [certain] motions."  *Id.* at 180-81.  *Foman* does not address timeliness of meeting filing deadlines or disputes during discovery.

Plaintiff also cites *Eitel v. McCool*, 782 F.2d 1470 (9th Cir. 1986), as legal authority in the Ninth Circuit that is consistent with *Foman*.  But that is not entirely accurate.  Though the Ninth Circuit does state in *Eitel* that there is a "strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits," that

policy was merely one factor *out of seven* that courts were instructed to consider in exercising discretion to enter default judgment. *Eitel*, 782 F.2d at 1471-72. Contrary to Plaintiff's assertion, *Eitel* strongly suggests that the policy favoring decisions on the merits is not an overriding policy that trumps all or even most others, but rather one that courts should consider in its exercise of discretion in entering judgment. *See id.* Like *Foman*, *Eitel* does not address timeless of meeting filing deadlines or disputes during discovery. Instead, both *Foman* and *Eitel* discussed the consideration of issuing decisions on the merits when faced with the possibility of entering judgment against a party. *See Foman*, 371 U.S. at 181-82; *Eitel*, 782 F.2d at 1471-72 ("Our starting point is the general rule that default judgments are ordinarily disfavored. Cases should be decided upon their merits whenever reasonably possible.").

The Ninth Circuit took a more measured approach in balancing the policy favoring disposition on the merits against the need for compliance with deadlines and discovery obligations in *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217 (9th Cir. 2006). The court recognized that the "public policy favoring disposition of cases on their merits counsels against dismissal." *In re Phenylpropanolamine*, 460 F.3d at 1228. However, it continued, explaining:

> At the same time, a case that is stalled or unreasonably delayed by a party's failure to comply with deadlines and discovery obligations cannot move forward to resolution on the merits. Thus, we have also recognized that this factor "lends little support" to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction.

*Id.* (citing, among others, *In re Eisen*, 31 F.3d 1447, 1454 (9th Cir. 1994) (giving weight to the plaintiff's failure to specify why it is important that his action be resolved on their merits); *Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991) (observing that it is the responsibility of the moving party to move toward disposition on the merits)). The Ninth Circuit has also warned:

//

//

> In these days of heavy caseloads, trial courts in both the federal and state systems routinely set schedules and establish deadlines to foster the efficient treatment and resolution of cases. Those efforts will be successful only if the deadlines are taken seriously by the parties, and the best way to encourage that is to enforce the deadlines. Parties must understand that they will pay a price for failure to comply strictly with scheduling and other orders, and that failure to do so may properly support severe sanctions and exclusions of evidence.

*Wong v. Regents of Univ. of Cal.*, 410 F.3d 1052, 1060 (9th Cir. 2005).

Upon reviewing the relevant legal authority, this Court rejects Plaintiff's suggestion that the public policy favoring disposition on the merits overrides the policy promoting parties to comply with deadlines and discovery obligations. Furthermore, insofar as the public policy favoring disposition on the merits applies to the circumstances in this case, the Court finds that the magistrate judge's March 18, 2014 order does not conflict with *Foman*. Therefore, the magistrate judge's March 18, 2014 order was neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A).

## IV.    CONCLUSION & ORDER

In light of the foregoing, the Court **DENIES** Plaintiff's motion to set aside the magistrate judge's March 18, 2014 order because the order was neither clearly erroneous nor contrary to law. *See* Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1)(A). Consequently, the Court need not address Plaintiff's request to compel further responses to Interrogatory No. 7 and RFPs Nos. 11 and 16.

IT IS SO ORDERED.

DATED: July 10, 2014

Hon. Cynthia Bashant
United States District Judge

11cv69